Elizabeth A. SEVERSON, Petitioner,

v.

Edwin H. DUFF, II, as Sheriff of Volusia County, Florida, Respondent.

Civ. A. No. 70–322–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 29, 1970.

Thomas A. Goldsmith, Daytona Beach, Fla., for petitioner.

Earl Faircloth, Atty. Gen., of Fla., Tallahassee, Ronald Sabo, Asst. Atty. Gen., for respondent.

## ORDER

WILLIAM A. McRAE, Jr., District Judge.

Petitioner has submitted to this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254.

The petition alleges that the petitioner was convicted and adjudged guilty of disorderly conduct in violation of Florida Statutes, section 877.03 (1967), F.S. A., and was sentenced to 90 days incarceration by the Volusia County Circuit

Court on March 30, 1970. Petitioner asserts that the statute is unconstitutional on its face for vagueness, in violation of the fifth and fourteenth amendments to the Constitution of the United States, and for overbreadth, in violation of the guarantees of the first and fourteenth amendments to the Constitution of the United States; we agree, and vacate, and expunge her sentence and conviction.

This Court, in its order of October 2, 1970, reported at 318 F.Supp. 17, found:

1. Petitioner has not deliberately by-passed state remedies.

2. Exhaustion of state remedies would be futile, and abstention is inappropriate.

3. This Court, acting with a single judge, has jurisdiction to pass on the constitutionality of the state statute under attack here; and

4. Respondent was ordered to show cause why habeas corpus relief should not be granted and why Florida Statutes, section 877.03, F.S.A., should not be held unconstitutional on its face or as applied.[1]

The statute under attack, section 877.03, Florida Statutes, F.S.A., provides as follows:

Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor, and subject to punishment as provided by law.

## VAGUENESS

Petitioner contends that the Florida disorderly conduct statute set out above is unconstitutionally vague on its face

and as applied in her case. She was charged and convicted for "use of profane, loud, or boisterous language so as to outrage the sense of public decency, and in such a manner as to constitute a breach of the peace." No act apart from "language" was alleged, and the warrant speaks solely in terms of the statute's test, "outrage the sense of public decency."

Because we find the statute unconstitutional on its face for vagueness and overbreadth, it is unnecessary to consider the application of the statute to her. *See* Note, The First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844, 845, 846 (1970).

■ In order to comport with fundamental concepts of fairness, a statute or a charge must be phrased in terms sufficiently definite so that men of common intelligence will not have to guess at its meaning and application. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926). In Scott v. District Attorney, 309 F. Supp. 833, 836 (E.D.La.1970), it was stated:

Criminal statutes that do not clearly define the outlawed conduct may contravene the Fourteenth Amendment guarantee of due process by subjecting the accused to a penalty for behavior that he could not intelligently have known was forbidden. Such vagueness is unconstitutional not only because it fails to warn a person that his behavior may be criminal, but also because it compels enforcement officers, as well, to guess at what violates the law, thus either setting the stage for arbitrary police action or, if police and prosecutors evolve their own rational standards of enforcement, constituting an inappropriate delegation of criminal lawmaking authority.

In Baggett v. Bullitt, 377 U.S. 360, 373, 84 S.Ct. 1316, 1323, 12 L.Ed.2d 377

---

[1]. Respondent filed his response one and one-half months late, but he is not here penalized for that neglect.

(1964), the Supreme Court observed in a different context:

It will not do to say that a prosecutor's sense of fairness and the Constitution would prevent a successful perjury prosecution for some of the activities seemingly embraced within the sweeping statutory definitions. * * Well-intentioned prosecutors and judicial safeguards do not neutralize the vice of a vague law.

■ It is necessary first to consider if Florida courts have, by case law, construed the statute involved herein so as to narrow the usual signification of its words.

The Florida courts have had several occasions in which convictions under disorderly conduct and breach of the peace ordinances have been upheld. In City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla.2d D.C.A.1959), *with further opinion at* 121 So.2d 814 (Fla.2d D.C.A. 1960), the court upheld a disorderly conduct conviction for "abusive and profane language" and reversed a circuit court determination that the ordinance was void for vagueness. The *Calbeck* court quoted with approval language from Florida Jurisprudence:

The term disorderly conduct has been construed as embracing all such acts and conduct as are of a nature to corrupt the public morals or to outrage the sense of public decency, whether committed by words or acts.

And the *Calbeck* court construed the statutory "acts" to include language. In Headley v. Selkowitz, 171 So.2d 368 (Fla.1965) (vagrancy ordinance), an or-

dinance challenged for vagueness was tested by the *Calbeck* "standards." *See also* Matteson v. City of Eustis, 140 Fla. 591, 190 So. 558 (1939); Nixon v. State, 178 So.2d 620 (Fla.3d D.C.A.1965); City of Miami v. Kobley, 29 Fla.Supp. 142 (Fla.Cir.Ct.Dade Cty.1967).[2] These decisions do not narrow the statutory tests of acts that "are of a nature to corrupt public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them." Indeed, the *Calbeck* decision confirms that the statute prohibits certain language and that the tests of the statute are valid in the eyes of the state courts. This case, then, comes before this Court in a different posture from those in which state courts have properly narrowed the challenged statute. *E. g.*, Wright v. City of Montgomery, 406 F.2d 867 (5th Cir. 1969); United States v. Jones, 365 F.2d 675 (2d Cir. 1966); Heard v. Rizzo, 281 F.Supp. 720, 741, 742 (E.D.Pa.1968).

The statutory tests as they are written must meet constitutional standards for both definitiveness and first amendment protections. In the recent case of Smith v. State, 237 So.2d 139 (Fla. 1970), the Florida Supreme Court, after referring to the *Calbeck* standards, quoted United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947):

Impossible standards are not required, however, statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding and practices satisfies due process.

---

2. Respondent relies on City of Miami v. Kobley, 29 Fla.Supp. 142 (Fla.Cir.Ct. Dade Cty.1967), for the proposition that Florida courts will hold that "the exercise by an individual in a reasonable manner of his constitutional rights [does not] constitute the creation of a disturbance so as to make such action a criminal offense." However, that decision is binding presumably only in that court's jurisdiction, which is entirely outside of the jurisdiction of the sentencing court here. Moreover, the ordinance there was far different than the one involved herein. It read thus:

Section 43–10 (of the Miami Code) *Disorderly Conduct Generally*—"Shall assault another, or shall engage in, aid or abet in any fight, quarrel or disturbance."

The chief defect in Florida Statutes, section 877.03, F.S.A., is that it is impossible to know what conduct is proscribed, and therefore, it is impossible to be able to know what constitutional rights can be exercised in a reasonable manner.

*See* United States v. Woodward, 376 F.2d 136 (7th Cir. 1967).

The first tests in the statute attacked herein relate to a corruption of the public morals or an outrage of the sense of public decency. Such standards do not convey a warning of what conduct is proscribed, and may be unconstitutionally applied to both protected and illegal conduct, including speech. Similar tests have been stricken in numerous other cases. In Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966), a jury instruction defining the offense of criminal libel as "any writing calculated to create disturbances of the peace, *corrupt the public morals*, or lead to any act, which, when done, is indictable," (emphasis added), was held to be so indefinite and uncertain that it could not be enforced as a penal offense. Carmichael v. Allen, 267 F.Supp. 985 (N.D. Ga.1967) held unconstitutional for vagueness and overbreadth an ordinance which provided that "[I]t shall be unlawful for any person to act in a violent, turbulent, quarrelsome, boisterous, *indecent* or disorderly manner, or to use profane, vulgar or obscene language, or to do anything tending to disturb the good order, *morals*, peace or dignity of the City." (Emphasis added.) In so holding, the court said in part: "[I]t takes no elaboration to demonstrate that * * the use of the term 'tending to disturb the good order, morals, * * * or dignity of the City' leaves 'to the executive and judicial branches too wide a discretion in the application' of the law. It too readily permits them to make a crime out of what is protected activity." The case of Baker v. Bindner, 274 F. Supp. 658 (W.D.Ky.1967) similarly held unconstitutional a state court construction of the ordinance there under attack which limited disorderly conduct to "words and acts which tend to disturb the peace or endanger the *morals*, safety or health of the community, or of a class of persons or family." (Emphasis added.) The *Baker* court observed at 663:

An examination of [the ordinance] can leave no doubt that it is broader than that condemned by the [United States] Supreme Court both in Edwards v. South Carolina, 372 U.S. 229 at 238, 83 S.Ct. 680 at 685, 9 L.Ed.2d 697 [1963] and in Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 [1949]. It leaves to the executive and judicial branches too wide a discretion in the application of the law and too readily permits them to make a crime out of what is protected activity.

Most recently the Fifth Circuit noted that a statute that proscribes acts or gestures which are calculated to or will probably *"so outrage the sense of decency and morals* or so violate or transgress the customs, pattern of life and habits of the people of Alabama as to be likely to cause a riot or breach of the peace * * *."* is of "dubious validity." (Emphasis aded). LeFlore v. Robinson, 434 F.2d 933 (5th Cir. Nov. 12, 1970). Two disorderly conduct ordinances have also been declared unconstitutional by Florida federal district courts, Pritikin v. Thurman, 311 F.Supp. 1400 (S.D.Fla. 1970); Livingston v. Garmire, 308 F. Supp. 472 (S.D.Fla.1970). *See also,* University Committee to End War in Vietnam v. Gunn, 289 F.Supp. 469 (W.D. Tex.1968) (3-judge court) (per curiam); Thomas v. City of Danville, 207 Va. 656, 152 S.E.2d 265 (1967).

The statute before this Court, neither containing sufficiently expressed standards nor having been narrowed by judicial construction, suffers from the constitutional defect of vagueness in violation of due process. *See* Note, The Void for Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1967); Annot., Vagueness as invalidating statutes or ordinances dealing with disorderly persons or conduct, 12 A.L.R.3d 1448 (1967).

## OVERBREADTH

■ Petitioner also contends that this statute is unconstitutionally defective for overbreadth because, as construed by Florida courts and in its ap-

plication, it can reach language that is constitutionally protected under the first amendment.

Unconstitutionally vague statutes are frequently also unconstitutionally overbroad. * * * The Fourteenth Amendment protects individuals from incursions by the state into certain areas of their life, and an overbroad statute is constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of those protected private areas.

Scott v. District Attorney, 309 F.Supp. 833, 837, (E.D.La.1970) (habeas corpus proceeding declaring Louisiana's vagrancy statute unconstitutional).

The Florida statute permits speech to be measured by the standards of "public morals" and "public decency." Such "standards" provide no protection from a wide range of potential abuse of the preferred guarantee of the first amendment. Unlimited by state court construction, these standards are susceptible to any of a variety of interpretations and applications, both permissible and impermissible.

Judge Rubin stated in *Scott, supra*, at page 838 that:

[T]he fact that an unconstitutionally overbroad statute may be applied in a precise manner in a particular instance does not cure the overbreadth; the statute itself contains no guide to the use of restraint in its enforcement, and a faulty law cannot be validated by reliance on official good faith in employing it only to protect the public * * *.

Another standard in the Florida statute is additionally unconstitutional for overbreadth in that it proscribes "* * such acts as * * * affect the peace and quiet of persons who may witness them * * *." Narrower language was considered by the United States Supreme Court in Terminiello v. City of Chicago, 337 U.S. 1, 4–5, 69 S.Ct. 894, 895, 93 L.Ed. 1131 (1949), where it was stated:

[T]he statutory words "breach of the peace" were defined * * * to include speech which "stirs the public to anger, invites dispute, brings about a condition of unrest, or creates a disturbance. * * *"

* * * * * *

[A] function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. Speech is often provocative and challenging.

* * * * * *

[This ordinance] permitted conviction of petitioner if his speech stirred people to anger, invited public dispute, or brought about a condition of unrest. A conviction resting on any of those grounds may not stand.

Likewise, the Supreme Court has reversed breach of the peace convictions as unconstitutional for vagueness and overbreadth in such cases as Gregory v. Chicago, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969); Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Cf. Brandenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). As Judge Cabot has recently stated in Pritikin v. Thurman, 311 F. Supp. 1400, 1402 (S.D.Fla.1970):

The constitutional infirmity is that a resident of the community, not made sufficiently aware of what he may or may not do, is subject to criminal prosecution simply because some of his neighbors have no self-control and cannot refrain from violent reaction to conduct, language, or carriage they deem offensive.

Florida's disorderly conduct statute is not unlike many criminal statutes and ordinances struck down by various courts as being vague and overbroad when statutory defects result in enforcement and interference with the exercise of protected first amendment rights.

*See* e. g., DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937); Herndon v. Lowry, 301 U.S. 242, 57 S. Ct. 732, 81 L.Ed. 1066 (1937); Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); Landry v. Daley, 280 F.Supp. 968 (N.D.Ill.1968); Baker v. Bindner, 274 F.Supp. 658 (W. D.Ky.1967); Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga.1967).

The statutes stricken by the above cases have been held unconstitutional because they are overbroad in that they create "a license for the jury to create its own standards," *Herndon,* supra, 301 U.S. at 263, 57 S.Ct. at 741; are "susceptible of sweeping and improper application," NAACP v. Button, 371 U.S. 415 at 433, 83 S.Ct. 328 at 338, 9 L.Ed.2d 405 (1963); and allow the police to make subjective judgments which can be used for "harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure," Thornhill v. Alabama, 310 U.S. 88, 97–98, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940).

Measured by these standards, Florida's disorderly conduct statute must be declared unconstitutionally overbroad, inasmuch as it affects protected language. *See* Note, The First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844 (1970).

■ Florida's attempt at definition is inadequate, but this is not to say that Florida may not legislate against "disorderly conduct."

The Constitution does not bar enactment of laws regulating conduct, even though connected with speech, press, assembly, and petition, if such laws specifically bar only the conduct deemed obnoxious and are carefully and narrowly aimed at that forbidden conduct.

Gregory v. Chicago, 394 U.S. 111, at 118, 89 S.Ct. 946, at 950.

What is needed, then, is for the Legislature to articulate more explicit and narrow standards designed to reach only matters of legitimate governmental interests.

■ An injunction restraining future enforcement of this statute is not within the scope of the present proceeding brought pursuant to 28 U.S.C. section 2241 et seq. It is, hoped, however, that the Florida courts will recognize this declaration of the statute's patent unconstitutionality under the United States Supreme Court decisions. A recent Harvard Law Review note commented that "[i]n most cases * * * declarations * * * should and do achieve the same result as if a direct [injunctive] order had issued.' Note, The Federal Anti-Injunction Statute and Declaratory Judgments in Constitutional Litigation, 83 Harv.L.Rev. 1880 (1970). The note also quoted from the American Law Institute's Study of the Division of Jurisdiction between State and Federal Courts at 323 (1969):

[V]oluntary compliance with the orders of federal courts is the norm and the desideratum, and this is as true of declaratory judgments as of injunctive orders. A state is not likely to seek to enforce a statute that has been solemnly declared unconstitutional.

It is, therefore, ordered:

1. The Florida disorderly conduct statute, section 877.03 Florida Statutes, 1967, F.S.A., is hereby declared unconstitutional because it violates the first, fifth, and fourteenth amendments.

■ 2. The judgment of conviction of petitoner for the offense of disorderly conduct entered by the Circuit Court of Volusia County, Florida, on March 30, 1970, is vacated and the record of conviction shall be expunged.

3. The Clerk of the Circuit Court of Volusia County, Florida, shall forward a copy of this order to any person or agency that was notified of Petitioner's arrest or conviction involved

herein. Certificate of compliance shall be filed with this Court within 30 days of the receipt of this order.

4. The petitioner having been released on her recognizance pursuant to this Court's order entered May 23, 1970, no further relief is necessary.