259 So.2d 139 (1972)
STATE of Florida, Appellant,
v.
Coleen Marie MAGEE, Appellee.
STATE of Florida, Plaintiff-Appellant,
v.
Michael Joseph NUNZIATA, Defendant-Appellee.
Nos. 41198, 41206.
Supreme Court of Florida.
February 16, 1972.
*140 Robert L. Shevin, Atty. Gen., and Nelson E. Bailey, Asst. Atty. Gen., for appellant.
Joe Teague Caruso, of Spielvogel, Goldman & Caruso, Merritt Island, for appellee Coleen Marie Magee.
DEKLE, Justice.
The State appeals the trial court's dismissals of charges on the express ground that a portion of Fla. Stat. § 877.03, F.S.A., was unconstitutional and void for vagueness.[1] Jurisdiction vests on the constitutional question under Fla. Const. art. V, § 4 (2), F.S.A. No briefs are filed or appearances made for Respondent Nunziata.
The verbage of the statute ruled unconstitutional by the trial judge reads as follows:
"Whoever commits such acts as are of a nature to corrupt the public morals or outrage the sense of public decency, ..."
This language lacks, says the trial judge, that definiteness and certainty required to establish standards that convey to the average citizen of common understanding a warning of what conduct is proscribed by the statute. We find that the language does meet the test of common understanding,[2] is constitutional and reverse.
Smith v. State, 237 So.2d 139 (Fla. 1970), discusses the subject of vagueness of such statutes and points out that not every detail is required to be set forth in such a statute so long as the prohibitive conduct is in such language that it is understood by the average citizen. The terms "public decency" and "corrupt the public morals" are terms of general understanding such as "lewd and lascivious", Chesebrough v. State, 255 So.2d 675 (Fla. 1971); "unnecessarily or excessively chastise", Campbell v. State, 240 So.2d 298 (Fla. 1970), and "driving while under the influence of intoxicating liquor ... to the extent that his normal facilities are impaired... ." McArthur v. State, 191 So.2d 429 (Fla. 1966). Under such generally understood language, the specific conduct will of course vary and is made fully known to a defendant in the charges filed against him, so that he is made aware against what *141 conduct he must defend. This is of course required to constitute a sufficient charge.[3]
Here, the appellees were observed by police in the very act of intimate relations in an automobile. Appellee Michael Nunziata is charged with "lying on front seat of car with his pants pulled down and his penis in plain view from exterior of car... ." Appellee Coleen Magee was charged with "lying on front seat of car with her pants down and her buttocks exposed... ."
Such exposure before the public is clearly calculated to corrupt the public morals and outrage the sense of public decency which is prohibited by the statute and any person of common intelligence would be perfectly aware that it was.
Since the cause is remanded solely on the constitutional issue, we of course do not reach the factual question which may be involved as later presented before the trial court for its determination on the facts.
We hold Fla. Stat. § 877.03, F.S.A., to be constitutional. The judgments and orders of the trial court in each of the two cases are hereby reversed and the causes are remanded for trial.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.
ERVIN, J., concurs specially with opinion.
ERVIN, Justice (concurring specially):
I agree only to the conclusion that the statute is not unconstitutional on its face. I believe it is declaratory of the common law and would only apply it in those situations where the common law is violated. Compare concurring opinion of Chief Justice Roberts in Franklin and Joyce v. State, Fla., 257 So.2d 21, 1971. I would remand the cause without prejudice to the trial court to determine by due process whether the offense charged is violative of the statute considered in relation to the common law as modified, of course, by decisional law in the areas of rights including privacy.
NOTES
[1] "Breach of the peace; disorderly conduct.  Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor, and subject to punishment as provided by law."
[2] Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146 (1927); Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934); Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947); and State v. Buchanan, 191 So.2d 33 (Fla. 1966).
[3] Fla. Const. art. I, § 16; Robinson v. State, 69 Fla. 521, 68 So. 649 (1915); Victer v. State, 174 So.2d 544 (Fla. 1965); State v. Smith, 240 So.2d 807 (Fla. 1970).