**Paul Nichols GLENN,
Petitioner-Appellee,**

v.

**Reubin O'D. ASKEW, Governor
of Florida, et al., etc., Respondents-Appellants.**

No. 74–2138.

United States Court of Appeals,
Fifth Circuit.

May 21, 1975.

Rehearing Denied July 14, 1975.

Robert L. Shevin, Atty. Gen., Richard C. Booth, Asst. Atty. Gen., Davis G. Anderson, Jr., Tampa, Fla., for respondents-appellants.

William F. Casler, St. Petersburg, Fla. (Court-appointed), for petitioner-appellee.

Before GEWIN, BELL and CLARK, Circuit Judges.

BELL, Circuit Judge:

This appeal presents us with a problem of federal intervention into state court

criminal proceedings. Because appellee failed to exhaust his state court remedies, we vacate the district court's order and remand for further proceedings.

Appellee Glenn was charged with disorderly conduct in violation of Florida Statute § 877.03.[1] His motion to dismiss the charge in the County Court of Pinellas County was denied. Appellee then sought a writ of habeas corpus in federal district court. That court found § 877.03 unconstitutional and, in effect, granted the writ by ordering the state court to dismiss the charge, and also granted injunctive relief in the form of requiring that the state record of Glenn's arrest be expunged, that he be discharged, his bond cancelled and his surety exonerated upon the bond posted in the County Court of Pinellas County, Florida.

Appellant's primary argument before the district court, and now on appeal, is that Glenn failed to exhaust the state remedies available to him prior to instituting this action. In rebuttal, Glenn maintained that it would have been futile for him to seek relief in the Florida courts. He asserts that the statute he is charged with violating has been held unconstitutional on its face by the federal courts,[2] although the Florida Supreme Court continues to uphold its validity.[3] He looks to Layton v. Carson, 5 Cir., 1973, 479 F.2d 1275, for support. In that case we held that a federal district court need not dismiss a federal habeas corpus petition for failure to exhaust state remedies if the state's highest court has recently rendered an adverse decision in an identical case "and if there is no rea-

son to believe that the state court will change its position." *Id.* at 1276.

While Glenn's argument has surface appeal, the facts of this case are altered significantly by the recent decision of this court in Wiegand v. Seaver, 5 Cir., 1974, 504 F.2d 303, cert. den. and appeal dismissed, 1975, —— U.S. ——, 95 S.Ct. 1650, 44 L.Ed.2d 83, where we also held § 877.03 unconstitutional. In light of this holding we feel that there is a possibility that the Florida Supreme Court may change its position, or at least should be given the opportunity.

In its consideration of the statute *Wiegand* adopts and follows the constitutional standard of Gooding v. Wilson, 1972, 405 U.S. 518, 522, 92 S.Ct. 1103, 1106, 31 L.Ed.2d 408, 414; "the statute must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression." Because the Florida Supreme Court had not made such a limiting construction, § 877.03 was invalidated.

The latest expression of that court in Gonzales v. City of Belle Glade, *supra,* also persuades us that Florida may change its position with respect to the statute. This view is supported by a comparison of the conduct of the defendant here with that of the defendants whose convictions were reversed in *Gonzales,* and as was pointed to in *Wiegand.* A majority of the Florida court in *Gonzales* noted its prior holdings that § 877.03 was constitutional but went on to limit its application to the defendants there

---

1. Fla.Stat. § 877.03: Breach of the peace; disorderly conduct.

   Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor, and subject to punishment as provided by law.

   Glenn's arrest resulted from the alleged statement to a police officer that he, Glenn, would "jerk him off." The factual context in which

   the statement was made has never been developed.

2. At the time this case was argued, a federal court had found § 877.03 to be violative of the First, Fifth, and Fourteenth Amendments. See Severson v. Duff, M.D.Fla., 1970, 322 F.Supp. 4. *Severson* was the decision which the district court in the instant case followed in issuing its order.

3. *See* Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla.1973); Bradshaw v. State, 286 So.2d 4 (Fla.1973); State v. Magee, 259 So.2d 139 (Fla.1972).

so as to exclude speech in the following context:

. . . There was no evidence that Smith or Sweet struck or even touched a police officer, that they actually offered a physical threat to any officer, or that they violated any law. Likewise, there was no evidence of any wrongdoing by Gonzales with the possible exception of the utilization of an intemperate expletive or two. In neither case was there any evidence that the actions of any of the appellants were more than annoying to those around them and a violation of Fla. Stat. § 877.03, F.S.A., requires more than the creation of a mere annoyance. 287 So.2d at 670.

Having reversed on the unconstitutional application of § 877.03, a majority of the court declined to reach the issue of its constitutionality *vel non.* *Gonzales* does not, of course, meet the constitutional test of Gooding v. Wilson, *supra,* as followed in *Wiegand,* but that question is not before this court. Our consideration is restricted to whether, given the present state of the law, it would be futile to seek relief in the Florida courts.

The issue thus presented, as we see it, is whether Glenn should have been required to exhaust his available state remedies. In Wiegand v. Seaver, *supra,* we granted habeas relief to one convicted but not yet sentenced under § 877.03. The state, however, stipulated that state appellate review would be futile, and so exhaustion was not at issue. *Id.* at n. 1. *See also* Tolg v. Grimes, 5 Cir., 1966, 355

F.2d 92, cert. den., 1966, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005. In the instant case the state has not made a similar stipulation and indeed insists that its courts be given a chance to consider once again the statute. We do not find this difference in position unusual given the fact that *Gonzales* was decided after the stipulation of futility in *Wiegand.*[4]

The exhaustion of state remedies doctrine is based on federalism and the resultant policy of comity necessary to the functioning of the dual court system—state and federal.[5] The same policy considerations support the doctrine announced in Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, that federal courts are not to enjoin state criminal proceedings except under extraordinary circumstances where the danger of irreparable injury is both great and immediate.[6] The cost, anxiety or inconvenience attendant to the defense of a single criminal proceeding is not the sort of irreparable injury which justifies federal intervention. *Id.* at 46, 91 S.Ct. 951. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324, 1330.

Whether viewed as a habeas corpus matter or as having an injunctive connotation, this case must be decided within the frame of reference of these policy considerations. To these we must add Florida's claim that exhaustion be required, and the arguable viability of state remedies if exhausted. Given this combination, we conclude that the district court erred in not having required that Glenn exhaust state remedies.[7]

---

**4.** The stipulation in *Wiegand* was made on October 25, 1973, *Gonzales* was decided December 20, 1973.

**5.** See Ex parte Royall, 1886, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 and Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 on the exhaustion principle.

**6.** The *Younger* doctrine has been extended in recent cases by the Supreme Court to civil cases "in aid of and closely related to criminal statutes." Huffman v. Pursue, Ltd., 1975, — U.S. —, 95 S.Ct. 1200, 43 L.Ed.2d 482; and to the military justice system, Schlesinger v.

Councilman, 1975, — U.S. —, 95 S.Ct. 1300, 43 L.Ed.2d 591.

**7.** This case would have required little discussion to point up the error in not requiring exhaustion were it not for our decision in *Wiegand.* There the conduct in question did not fit into the saving language of *Gonzales.* Here it appears possible that the verbal conduct of appellee Glenn may not have exceeded the bounds of the conduct found exempt in *Gonzales.*

*Wiegand* declared the statute unconstitutional for want of limiting authoritative court construction. The statute may, of course, be re-

Vacated and remanded for further proceedings not inconsistent herewith.

GEWIN, Circuit Judge (dissenting):

I respectfully dissent.

The majority, persuaded by "an arguable showing of non-futility as to the state court remedy", note 7, *supra,* concludes that the state court defendant has not satisfied the exhaustion requirements of 28 U.S.C. § 2254. Because two federal decisions, including one of this court, have declared the statute in question unconstitutional on its face, and because I find no indication that the Supreme Court of Florida will not continue to uphold its validity, I believe that this case falls within the exception to the exhaustion principle announced in Layton v. Carson, 479 F.2d 1275 (5th Cir. 1973).

The majority's assertion that the Supreme Court of Florida may somehow revise its judgment of the validity of § 877.03 does not comport with the series of state and federal decisions involving this statute. In Severson v. Duff, 322 F.Supp. 4 (M.D.Fla.1970), the United States District Court for the Middle District of Florida declared that the provision was both overbroad and vague on its face in violation of the First, Fifth, and Fourteenth Amendments. Since that decision, Florida's court of highest jurisdiction has considered the statute in question at least four times and has never reached a decision consistent with *Severson.* In In re Fuller, 255 So.2d 1 (Fla. 1971) and Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla.1973), the state supreme court found that the statute was unconstitutional as applied to the individual defendants in those cases but declined to declare it invalid on its face. In State v. Magee, 259 So.2d 139 (1972), the Supreme Court of Florida considered a vagueness challenge to § 877.03 and determined simply that the "terms 'public

decency' and 'corrupt the public morals' are terms of general understanding" and therefore concluded flatly that § 877.03 is constitutional. The Court reaffirmed this analysis in Bradshaw v. State, 286 So.2d 4 (Fla.1973) and declared also that the statute was not overly broad. *Bradshaw* explicitly rejected the logic of Severson v. Duff, noting that "a decision of a federal trial court, while persuasive if well-reasoned, is not by any means binding on the courts of a state." 286 So.2d at 6.

We have recently declared § 877.03 to be facially unconstitutional. Wiegand v. Seaver, 504 F.2d 303 (5th Cir. 1974). The majority suggests that our *Wiegand* decision may prompt the Florida Supreme Court to revise its well established position. In view of the state judiciary's reluctance to adopt the *Severson* analysis, I find this willingness to await the impact of *Wiegand* on the Florida courts inappropriate.

It is particularly significant that in *Wiegand,* in regard to the exhaustion issue, the state stipulated that state appellate review would be futile. While no such concession was made in this case, I find no recent change in Florida law to detract from the accuracy of that stipulation. Nor can I accept the majority's suggestion that the stipulation may have lost its vitality in view of the subsequent decision in Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla.1973). The convictions in that case were reversed merely because of an unconstitutional *application* of the statute, not facial invalidity as we found in *Wiegand.* The *Gonzales* court held merely that the record did not support a finding that the defendant's conduct had violated the statute. The holding in a sense narrowed the construction of the statute by stating that it does not proscribe conduct which constitutes a mere "annoyance" to the public, but in *Wiegand,* we explicitly

suscitated by such construction. Meanwhile, pending resolution of the conflict as to the statute being resolved by a merging of views as between this court and the Florida Supreme Court, or by the Supreme Court of the United

States, we would and should follow *Wiegand* unless, as here, there is an arguable showing of non-futility as to the state court remedy based on the particular facts of a case.

rejected the state's contention that *Gonzales* sufficiently narrowed the construction of the statute to comply with the Supreme Court's mandate in Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). And even if the *Gonzales* interpretation mitigates the overbreadth problem, it does nothing to shield the statute from a due process vagueness challenge.

The majority states that the *Gonzales* court, "[h]aving reversed on the unconstitutional application of § 877.03, . . . declined to reach the issue of its constitutionality *vel non*." While the *Gonzales* opinion did conclude with this statement, it begins with the emphatic and unequivocal observation that the statute is not facially defective:

> This Court has consistently upheld the validity of the challenged statute, most recently in Bradshaw v. State, 286 So.2d 4 . . . and prior thereto in State v. Magee, 259 So.2d 139 (Fla.1972). *Nothing has occurred to warrant receding from those opinions.* (emphasis added).

In view of this statement, I cannot join in my brothers' conclusion that the *Gonzales* opinion "persuades us that Florida may change its position with respect to the statute."

I, of course, share my brothers' concern for the values of federalism and comity which, in normal circumstances, preclude federal court interference with state criminal proceedings. Yet the general prohibitions of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), are not apposite in this case since an injunction against the trial in state court would fall within the "protective jurisdiction" exception of the Anti-Injunction Act, 28 U.S.C. § 2283. While the Act generally prohibits a federal court from enjoining state proceedings, it permits injunctions "to protect or effectuate its judgments." The statute in this case has been declared facially unconstitutional in two federal forums. Florida's highest court has demonstrated no inclination to accept these judgments. Comity does not require citizens of a state to submit to a state criminal trial in circumstances when the state itself has recently stipulated that exhaustion of state remedies would be futile and when two federal courts have declared the act in question unconstitutional prior to the state prosecution. Comity does not reach that far. In these circumstances, the judgment of the district court is appropriate and should be affirmed.