489 So.2d 729 (1986)
Belinda McGUIRE, Petitioner,
v.
STATE of Florida, Respondent.
No. 66925.
Supreme Court of Florida.
June 12, 1986.
*730 James K. Green of Green, Eisenberg and Cohen, West Palm Beach, and Bruce Rogow, Nova University Law Center, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen. and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
The Fourth District Court of Appeal has certified the following question as one of great public importance:
IS RULE 16-D-2.04(1)(e), FLORIDA ADMINISTRATIVE CODE, WHICH REQUIRES IN PART THAT "BATHING COSTUMES SHALL CONFORM TO COMMONLY ACCEPTED STANDARDS" UNCONSTITUTIONAL?
McGuire v. State, 466 So.2d 236, 237 (Fla. 4th DCA 1984). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer in the negative and approve the opinion of the district court.
Belinda McGuire was arrested on May 14, 1982 after jogging without a bathing suit top on Air Force Beach in the John D. McArthur Beach State Recreation area. Prior to the state assuming control of the property, the northern portion of Air Force Beach had been considered "clothing optional." After the property became a state recreation area, however, the Department of Natural Resources attempted to eliminate this option. McGuire was cited for violating rule 16D-2.04(1)(e) of the Florida Administrative Code, which provides in pertinent part: "In every bathing area all persons shall be clothed as to prevent any indecent exposure of the person. All bathing costumes shall conform to commonly accepted standards at all times." At trial McGuire challenged rule 16D-2.04(1)(e) on vagueness grounds. The trial court upheld the conviction and the circuit court, in its appellate capacity, affirmed. On writ of certiorari the Fourth District Court of Appeal affirmed per curiam without opinion. On the authority of Moffett v. State, 340 So.2d 1155 (Fla. 1976), the district court denied McGuire's subsequent petition for rehearing. The court did, however, certify the instant question to this Court.
McGuire argues that rule 16D-2.04(1)(e) is unconstitutional on the grounds of facial overbreadth and facial vagueness. She contends that the provision is overbroad because it can be extended beyond nude sunbathing to other areas of conduct such as, presumably, the wearing of provocative but otherwise acceptable bathing attire. We find that McGuire lacks standing to raise the overbreadth issue.
This Court recently examined an analogous claim in City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985). In Del Percio the owner and manager of a bar appealed their convictions of violating a municipal ordinance prohibiting partial female nudity. Although the circuit court affirmed their convictions, the district court held the ordinance, inter alia, overbroad and reversed the convictions. The ordinance prohibited any female person from exposing "to public view any portion of her breasts below the top of the areola." Id. at 199. In quashing the opinion of the district court, this Court analyzed the doctrine of overbreadth as applied to nudity regulations. The respondents in Del Percio argued that the ordinance prohibited socially acceptable attire such as swimsuits and low cut evening gowns and therefore reached beyond the permissible scope of regulation. This Court, however, ruled that the respondents had no standing to challenge the burden that the ordinance potentially placed on such activities because individuals had no constitutionally protected right to wear such attire. More specifically, we stated that "the right to dress as one pleases *731 ... has little or no first amendment implications." Id. at 202.
McGuire propounds largely the same overbreadth argument as did the respondents in Del Percio. While acknowledging that topless jogging could be constitutionally prohibited by a specifically drawn rule, McGuire wishes to step into the shoes of other beach-goers who might inadvertently violate commonly accepted standards by wearing unduly provocative bathing attire. The regulation in question, however, does not reach a substantial amount of constitutionally protected conduct, and, thus, McGuire is foreclosed from this avenue of attack. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); Del Percio, 476 So.2d at 202.
Turning to McGuire's vagueness argument, we stress that nudity is not in and of itself a constitutionally protected activity. Erznoznik v. City of Jacksonville, 422 U.S. 205, 211 n. 7, 95 S.Ct. 2268, 2273 n. 7, 45 L.Ed.2d 125 (1975); Roth v. United States, 354 U.S. 476, 512, 77 S.Ct. 1304, 1323, 1 L.Ed.2d 1498 (1957) (Douglas, J., dissenting); South Florida Free Beaches, Inc. v. City of Miami, 734 F.2d 608, 610 (11th Cir.1984). Nudity is protected as speech only when combined with some mode of expression which itself is entitled to first amendment protection. South Florida Free Beaches, 734 F.2d at 610; Chapin v. Town of Southampton, 457 F. Supp. 1170, 1174 (E.D.N.Y. 1978). See, e.g., Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). Nude sunbathing is not associated with dance, literature, or any other form of expression. South Florida Free Beaches, 734 F.2d at 610; Chapin, 457 F. Supp. at 1173. Accordingly, the courts of this nation have uniformly held that unassociated nudity is subject to government limitations. See, e.g., Roth, 354 U.S. at 512, 77 S.Ct. at 1323; South Florida Free Beaches, 734 F.2d at 610; Williams v. Kleppe, 539 F.2d 803 (1st Cir.1976); United States v. Hymans, 463 F.2d 615 (10th Cir.1972); City of Seattle v. Buchanan, 90 Wash.2d 584, 584 P.2d 918 (1978); State v. Miller, 54 Hawaii 1, 501 P.2d 363 (1972).
In light of this lack of constitutional protection, McGuire must demonstrate that the statute is unconstitutionally vague as applied to her. Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); South Florida Free Beaches, 734 F.2d at 611. Generally speaking, a vagueness inquiry focuses on ensuring that criminal responsibility does not attach where one could not reasonably understand that contemplated conduct is proscribed. United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); City of St. Petersburg v. Waller, 261 So.2d 151 (Fla.), cert. denied, 409 U.S. 989, 93 S.Ct. 312, 34 L.Ed.2d 256 (1972). McGuire argues that the phrase "shall conform to commonly accepted standards at all times" is so vague that she did not know that topless jogging and sunbathing on a public beach were prohibited. We find this contention remarkable because on April 28, 1982, well before her arrest on May 12, McGuire received an individual warning from the park manager against sunbathing topless at Air Force Beach.
Moreover, this Court has previously addressed an analogous statute. Moffett v. State involved two women arrested for topless sunbathing on a public beach in St. Lucie County. They were convicted of violating Florida's disorderly conduct statute, which provides in pertinent part that "[w]hoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency ... shall be guilty of a misdemeanor of the second degree." § 877.03, Fla. Stat. (1975). On direct appeal to this Court, the two women attacked the statute on several constitutional grounds. In affirming the convictions, this Court stated:
Since the beginning of civilization public nudity has been considered improper. We are fully aware of the changing social values as expressed in the new modes of dress, but are convinced that *732 by enacting Section 877.03, Florida Statutes (1975), the Legislature intended to prohibit adult females from appearing in public places, including Florida's beaches, with openly exposed breasts.
340 So.2d at 1156. In rejecting the appellants' constitutional claims, the Court noted that it had addressed these same issues previously in State v. Magee, 259 So.2d 139 (Fla. 1972). In Magee the police observed the appellees having sexual relations in an automobile and charged the appellees with violating section 877.03. The trial court dismissed the charges, finding section 877.03 unconstitutionally void for vagueness. According to the trial court, the statute's language lacked the "definiteness and certainty required to establish standards that convey to the average citizen of common understanding a warning of what conduct is proscribed by the statute." Id. at 140. On appeal, however, this Court disagreed. We ruled that the terms "public decency" and "corrupt the public morals" are terms of general understanding and that anyone of common intelligence would be perfectly aware that such public exposure was prohibited. Id. The reasoning, expressed in Moffett, behind prohibiting adult females from exposing their breasts on public beaches applies equally in the instant case. Additionally, any person of common intelligence would be perfectly aware from the posted notices that an adult female is prohibited from jogging topless on Air Force Beach. See South Florida Free Beaches, 734 F.2d at 611; Magee, 259 So.2d at 140; Morales v. State, 407 So.2d 230, 231 (Fla. 3d DCA 1981).
We stress our belief that the Department of Natural Resources could have and should have utilized more precise language in drafting rule 16D-2.04(1)(e). If the government wishes to prohibit the public exhibition of genitalia, the areolae of womens' breasts, or pubic hair, then the government should say so. The regulation of public nudity, however, is within the ambit of the state's police power, and we will not second-guess the specific language which the state may use in regulating such activity where that language is not constitutionally infirm. A law need not furnish detailed plans and specifications of the acts or conduct prohibited in order to comply with constitutional requirements. Morales, 407 So.2d at 231. McGuire has failed to demonstrate that the regulation at issue is so vague as to fail to put her on notice that her activities were proscribed. We find this result particularly compelling in the case at bar because park officials issued an individual warning to McGuire prior to her arrest.
McGuire also argues that the judge misstated the law when he instructed the jury that indecent exposure means exposing one's self "in such a manner as to be offensive to common decency, or lewd or obscene." McGuire insists that a finding of lasciviousness should have been specifically required as well. We find, however, that the instruction, by containing the synonymous word "lewd," sufficiently conveyed this meaning to the jury. See McKinley v. State, 33 Okla. Cr. 434, 244 P. 208 (1926); Black's Law Dictionary 817 (5th ed. 1979). Likewise, we find McGuire's objections to certain testimony and prosecutorial statements to be without merit.
Therefore, we approve the opinion of the district court.
It is so ordered.
BOYD, C.J., and OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW, J., concurs.
SHAW, J., dissents with an opinion, in which ADKINS, J., concurs.
ADKINS, Justice, dissenting.
I concur specially with Justice Shaw's dissent finding the pertinent rule of the Administrative Code unconstitutionally vague and therefore unenforceable. Rule 16 D-2.04(1)(e) of the Florida Administrative Code provides, in pertinent part:
In every bathing area all persons shall be clothed as to prevent any indecent exposure *733 of the person. All bathing costumes shall conform to commonly accepted standards at all times.
Nudity is not a constitutionally protected activity. However, a rule outlawing any activity will be unenforceable if it is vague. "Keep off the Grass" signs can become unenforceable if made vague by adding other language, such as "If no one walked on the grass yesterday."
The due process clauses of the fifth and fourteenth amendments to the United States Constitution and article I, section 9 of the Florida Constitution require this Court to invalidate statutes or regulations that are overly vague. See, e.g., State v. DeLeo, 356 So.2d 306 (Fla. 1978). The void for vagueness doctrine serves to ensure that the legislature establishes minimal guidelines to govern law enforcement and that a penal statute defines a crime in a manner that ordinary people can understand. See, e.g., State v. Wershow, 343 So.2d 605 (Fla. 1977). Unconstitutionally vague laws encourage arbitrary and selective law enforcement. DeLeo; Wershow. The rule in question is precisely the type of law that encourages and in effect forces policemen to enforce the law in an arbitrary manner.
Ms. McGuire was arrested for jogging topless in an area that had undeniably, by custom, been a clothing-optional beach. In fact, one of the park officers agreed that at the time of Ms. McGuire's arrest, the beach, by commonly accepted practice, was divided into clothed and clothing-optional areas. Ms. McGuire was jogging in the clothing-optional area.
The testimony at trial fully supports the view that the rule in question is impermissibly vague. In fact, the law is so vague that not only will the citizens have difficulty determining whether their behavior is unlawful but the enforcement officers will themselves be unsure of the bounds of the law they are to enforce. According to one park manager a swimsuit top was not necessary for compliance with the regulation  seashells would suffice. Another park officer indicated that he had seen bathing suits which revealed "pubic hair" and "nipple erection," and that he was unsure of the proper response to those situations. Further, the two lay witnesses offered by the state to prove "commonly accepted" standards of beachwear had different levels of tolerance. As the testimony at trial indicates and the dissent below so aptly observed "one's chances of arrest under this rule are dependent upon the unbridled discretion of whichever officer happens to be on duty on a given day." 466 So.2d at 237.
The majority is correct in holding that McGuire must demonstrate that the statute is unconstitutionally vague as applied to her. However, the rule in question is particularly vague when so considered because she was arrested for jogging topless in an area that custom had well established as clothing-optional. The rule mandates that bathing costumes conform to commonly accepted standards, not necessarily the standards set by various officers. The rule is overly vague as to Ms. McGuire because she was wearing a swimsuit that fully conformed to the commonly accepted standards of the area.
The majority relies on Moffett v. State, 340 So.2d 1155 (Fla. 1976), in which we held that a topless sunbather may be arrested under section 877.03, Florida Statutes (1975) (disorderly conduct by corrupting the public morals or outraging the sense of public decency). Moffett is inapplicable because the prosecution in this case proceeded under Rule 16 D-2.04(1)(e), and not section 877.03. The question here is whether someone may be penalized for not conforming to "commonly accepted standards." In evaluating the vagueness of a penal law, a court is properly directed to an examination of the law's terms. The key to a law's validity, in fact, involves the clarity of the standards set forth in the law. DeLeo, 356 So.2d at 308. The majority's reliance on the fact of a prior warning by the officer therefore blurs the proper focus of its inquiry. The officer's interpretation of the rule does not remove the cloud of vagueness.
*734 The rule in question is closer to the municipal ordinances struck down as unconstitutionally vague in Marrs v. State, 413 So.2d 774 (Fla. 1st DCA 1982), and Steffens v. State, 343 So.2d 90 (Fla. 3d DCA 1977). In fact, the ordinances there struck down seem models of clear specificity when compared to the "commonly accepted standards" criteria in the instant statute. As the Third District noted in Steffens, and as we may have quite properly noted here, "[i]n view of the scanty female apparel which is now socially acceptable in public particularly on beaches, the description of the type of clothing forbidden by the ordinance is extremely unclear." 343 So.2d at 91.
I cannot help but comment on the distressing trend of state and local authorities to arrest topless sunbathers in areas which, through custom and tradition, have tolerated topless sunbathing. Florida has a long and treasured coastline and to permit topless sunbathing or recreation in at least a few segregated areas would hardly destroy the moral fabric of society.
I would note, too, that in this era of violent crime increasingly scarce police resources could be used in a far more productive manner than in arresting those whose only crime involves exposing themselves, in the proper locale, to the sea's breeze and Florida's sunshine. I take comfort in knowing that sometime in the future, people will read the majority opinion and chuckle that the state would actually forbid topless jogging or sunbathing in a small area which was widely recognized as clothing-optional. As we long ago noted in State v. Mayo, 155 Fla. 330, 332, 19 So.2d 883, 884 (Fla. 1944):
[A]n act which might be considered by one respectable and upright citizen as lewd and lascivious might be considered by another equally respectable and upright citizen as neither lewd nor lascivious. An act which might have been considered by the general public a few years ago as an indecent exposure of the person and lewd and lascivious in its character might today be not frowned upon, nor condemned by upright, honorable and virtuous people.
A fair example of the change of attitude of the times is found in the fact that if forty years ago either a man or a woman had donned the apparel popular on our bathing beaches today and in such apparel had attempted to mingle with the public on any bathing beach such person would probably have been immediately conducted to the common jail and branded as a lewd, lascivious and indecent person.
What percentage of bare skin is permissible under commonly accepted standards? Because the ordinance does not even reflect clearly the acceptable bikini standards of today, I must dissent.
SHAW, J., concurs.
SHAW, Justice, dissenting.
The pertinent rule of the Administrative Code is, in my opinion, unconstitutionally vague and accordingly unenforceable.
ADKINS, J., concurs.