FARMER, J.
Plaintiffs sued defendants for a declaratory judgment that a 1996 ordinance banning “partial” nudity in places where alcoholic beverages are served is unconstitutional and for an injunction barring enforcement of the ordinance. The 1996 ordinance defined prohibited nudity as follows:
“Partial nudity means the showing of the human male or female buttocks or any portion thereof with less than a full opaque covering; the showing of the female breast ivith less than a full opaque covering of any portion thereof, or the depiction of covered male genitals in a discernibly turgid state.” [e.s.]
On appeal we are asked to reverse and ■ direct the trial court to enter a mandatory injunction against any enforcement of the 1996 ordinance as an invalid total ban on female nudity, capable of operating as a prior restraint on expressive conduct protected by the First Amendment. We are also asked to “relinquish jurisdiction” to allow the trial court to consider a new attack on a 1998 amendment to the ordinance.[1]
We decline to do so. The 1996 ordinance has since been amended by a 1998 ordinance that changes the definition of prohibited nudity as follows:
“Partial nudity means the showing of the human male or female buttocks or any portion thereof with less than a full opaque covering; the showing of the female breast with less than a full opaque covering of any portion thereof; *670 or the depiction of covered male genitals in a discernibly turgid state. This definition shall include the entire lower portion of the human female breast, but shall not include any portion of the cleavage of the human female breast exhibited by a dress, blouse, shirt, leotard, bathing suit, or other wearing apparel, provided the areola is not so exposed,” [e.s.]
Because the 1998 amendment redefines the prohibited act to something less than a total ban of nudity it renders moot plaintiffs’ claim on the theory of a total ban to an injunction against its enforcement as well as the question raised as to its constitutionality.
As regards the constitutionality of the 1998 amendment, it appears that the trial court considered plaintiffs’ over-breadth attack as regards the 1998 amendment in its final judgment, where the court said:
“More importantly, the Ordinance itself specifically refutes Plaintiffs argument, because another section of the Ordinance specifically sets forth the conduct prohibited, [e.o.] Section 5-28.1 of the Code is titled ‘Nudity, sexual conduct prohibited.’ Subsection (b) provides:
No female person shall expose to public view any portion of her breasts encompassed within an area falling below the horizontal line one would have to draw to intersect a point above the top of the areola, or any portion of the areola, or any simulation thereof in any establishment at which alcoholic beverages, beer or wine are sold or offered for sale for consumption on the premises. This definition shall include the entire lower portion of the human female breast, but shall not include any portion of the cleavage of the human exhibited by a dress, blouse, shirt, leotard, bathing suit, or other wearing apparel, provided the areola is not exposed. “In addition, sec. 5-28.1(d) protects the owner/ operator of an establishment serving alcoholic beverages from any liability because a patron or employee is clothed in apparel which exposes the cleavage of her breast, so long as the area below the areola is not exposed.”
Final Judgment, at 8-9. We agree with the trial court that the ordinance as amended passes muster under the cases cited as regards the theory of a total ban on nudity. See 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996); United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); McGuire v. State, 489 So.2d 729 (Fla.1986); City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla.1985); 3299 North Federal Highway v. Broward County Com’rs, 646 So.2d 215 (Fla. 4th DCA 1994).
Whether plaintiffs actually intended for the court to declare their rights under the 1998 amendment is not clear to us. It is clear, however, that the trial court expressly addressed the overbreadth problem of a total ban on nudity and concluded that the ordinance as amended in 1998 contained no such ban and was valid. Plaintiffs have raised no issue on appeal that the court decided an issue not properly raised in the pleadings or that was tried without the consent of the parties.[2]
AFFIRMED.
DELL and POLEN, JJ., concur.

. Plaintiffs argue that we should relinquish jurisdiction so that they can mount an attack on the 1998 amendment. They point out that we imposed a stay pending review in this case but the trial court refused to issue a temporary injunction against the enforcement of this ordinance while their case was tried.
We decline to make such use of our powers to issue stays pending review. Specifically we hold that we are not authorized to issue anticipatory stays because a trial judge has refused in the past to issue a temporary injunction in similar cases. If plaintiffs file an action against the 1998 ordinance and the trial court denies their application for a temporary injunction, they will have the right to seek nonfinal review of that denial under rule 9.130(a)(3)(B).

. We reject all of plaintiffs’ other arguments.