EUGENE FARKAS, Plaintiff, *v.* HARRY METZ and Another, Defendants.

City Court of New York, Special Term, Bronx County, June 22, 1936.

*Cornelius P. Cotter*, for the motion.

*Lester A. Kent*, opposed.

DONNELLY, J. The complaint sets forth four causes of action. The second cause of action is upon twelve non-negotiable promissory notes, the total of which is $1,819.90. In his complaint plaintiff alleges that each of the notes was made by the corporate defendant.

In the first, third and fourth causes of action, plaintiff claims damages from the defendants in amounts which aggregate the sum of $1,037.12.

The prayer for judgment is set forth in the complaint as follows: " Wherefore, the plaintiff demands judgment of $1,037.12 from the defendant Harry Metz and $2,857.02 from the defendant Farmet Corporation." The amount, $2,857.02, is reached by adding to the sum of $1,819.90 alleged to be due by the corporate defendant on the notes, the total of the sums demanded in the first, third and fourth causes of action.

On this motion it is unnecessary to decide whether the complaint sets forth in the first, third and fourth causes of action the joint or joint and several liability of the individual and corporate defendants or the separate liability of the individual defendant. Plaintiff demands a separate judgment against each defendant. I think plaintiff is entitled to a separate adjudication of the character of the liability of each of the two defendants. As to each of the defendants, there is a separate complaint in which the total of the

amounts sued for respectively in the first, third and fourth causes of action and in the second cause of action, is less than $3,000. In this instance, the complaint may not be held to be offensive to this court's jurisdictional limitation. (*Curtain Mfg. Co., Inc.,* v. *Law Union & Rock Ins. Co.,* 138 Misc. 556.)

Motion denied.