William B. CHAPIN and Long Island Travasuns, Inc., Plaintiffs,

v.

TOWN OF SOUTHAMPTON, David Gilmartin, Town Attorney of the Town of Southampton in his official capacity, Conrad Teller, Chief of Police of the Town of Southampton, in his official capacity, Defendants.

No. 78 C 1665.

United States District Court, E. D. New York.

Sept. 6, 1978.

As Amended Nov. 3, 1978.

Kristin Booth Glen, New York City, for plaintiffs.

Scheinberg, Wolf, DePetris, Pruzansky & Mahoney, Riverhead, N. Y., for defendants.

## MEMORANDUM AND ORDER

PRATT, District Judge.

Plaintiffs sue on constitutional grounds for declaratory and injunctive relief against Southampton Town Ordinances 1 and 34 which respectively prohibit (1) nudity on "beach areas and in adjacent waters"; and (2) "public bathing" without "suitable bathing dress or covering". Plaintiffs move for a preliminary injunction. However, since there are no substantial questions of fact, the court has ordered that trial of the action on the merits be advanced and consolidated with the hearing of this application for a preliminary injunction. FRCP 65(a)(2). On the merits, the court finds that ordinance 1 withstands plaintiffs' constitutional attacks, but that section 1 of ordinance 34 does not.

The parties agree on the following facts. The individual plaintiff, William Chapin, spends his summers in the Southampton area. Mr. Chapin believes in the "mental, physical and spiritual benefits of nude sunbathing and swimming", and still intends to practice this belief, despite risk of prosecu-

tion under ordinances 1 and 34. (Chapin aff. ¶¶ 4 & 13). Mr. Chapin has already been arrested once, on August 27, 1977, for violating ordinance 1 by sunbathing nude on Gibson Lane Beach. The charges were dismissed by the Justice Court for the Town of Southampton without reaching the constitutional defenses asserted by Chapin. However, the Southampton town police have told Mr. Chapin that they will continue to enforce the ordinances against nudity. (Chapin aff. ¶ 14).

The other plaintiff is the Long Island Travasuns (LIT) a non-profit tax-exempt New York corporation, "comprised of individuals who believe in the benefits of nudity, including nude sunbathing and swimming." (Stelts aff. ¶ 3). LIT members avoid the beaches of Southampton for fear of prosecution under ordinances 1 and 34 and, allegedly, their First Amendment rights are thereby chilled.

 These facts suffice to give plaintiffs standing to challenge the constitutionality of ordinances 1 and 34, since both Chapin and LIT have a real stake in the validity of the ordinances. Further, a justiciable controversy, ripe for adjudication, is presented, since arrests under the ordinances have been made and will be made in the future if they are allowed to stand.[1] Defendant requests the court to abstain from considering the vagueness of the ordinances pending authoritative construction by state courts. However, since the court finds that neither ordinance should be struck down on grounds of vagueness [see Vagueness, below] abstention is unnecessary.

## PLAINTIFFS' CLAIMS

Plaintiffs claim that each ordinance violates six constitutional principles, in that each: (1) infringes freedom of expression protected by the First Amendment; (2) infringes constitutional rights to privacy; (3) infringes freedom of association protected

---

[1]. The record is unclear as to whether any arrests have been made under ordinance 34, and defendants' counsel asserted at oral argument that it would not be enforced. However, Cha-pin's affidavit states that the police told him all ordinances against nudity would be enforced, and this statement is accepted since it is uncontested by any other sworn statement.

by the First Amendment; (4) exceeds the town's constitutional power to legislate over private property; (5) is unconstitutionally vague; and (6) is unconstitutionally overbroad. These claims will be considered *seriatim.*

### 1. *Freedom of Expression.*

 Plaintiffs argue that nude sunbathing, without more, is expression protected by the First Amendment. For authority, plaintiffs cite a decision by Judge Bartels of this court, *Salem Inn, Inc. v. Frank,* 364 F.Supp. 478 (E.D.N.Y.1973), aff'd 501 F.2d 18 (C.A.2 1974), aff'd in part, revs'd in part *sub nom. Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), together with two Supreme Court cases, *California v. La Rue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); and *Ginsberg v. State of New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195, reh. den. 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968).

None of these cases supports a First Amendment right to sunbathe nude. In each, the question was whether activities otherwise protected by the First Amendment (dancing in *Salem* and *La Rue,* distribution of magazines in *Ginsberg* ) lose their protection when associated with nudity. Nude sunbathing, however, is not associated with dance, literature, or any other standard mode of expression.

The only federal holding on unassociated nudity is *Williams v. Hathaway,* 400 F.Supp. 122 (D.C.Mass.1975), aff'd *sub nom. Williams v. Kleppe,* 539 F.2d 803 (C.A.1 1976), involving nude sunbathing on a federally owned beach. The district court in *Williams* rejected plaintiffs' First Amendment argument:

> There is little in plaintiffs' conduct that merits First Amendment protection * * [Like wearing long hair, nude bathing is] fundamentally individualistic and personal rather than expressive or communicative. In *Thurston* * * * the Court reject[ed] the notion that plaintiff's hair length is of a sufficiently communicative character to warrant the full protection of the First Amendment * * * There

is no reason why this Court should decide the present matter any differently. 400 F.Supp. at 126.

On appeal, the First Circuit said:

> We agree with the district court's conclusion that no rights of free speech can be said to have been involved here * * * A distinction must be made between groups concerned with discussing and promoting a pleasurable activity, and those gatherings of people merely desiring to pursue that activity where it can take place. 539 F.2d at 806 fn. 9.

Along with this single holding, there is ample dicta to the same effect from other federal courts. In the landmark obscenity case, *Roth v. United States,* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), the dissent of Justice Douglas included the following oft-quoted language:

> I assume there is nothing in the Constitution which forbids Congress from using its power over the mails to proscribe conduct on the grounds of good morals. No one would suggest that the First Amendment permits nudity in public places, adultery, and other phases of sexual misconduct. 354 U.S. at 512, 77 S.Ct. at 1323.

Eighteen years later another dictum appears in *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975), involving freedom of expression and nudity on a publicly visible drive-in movie screen:

> Scenes of nudity in a movie, like pictures of nude persons in a book, must be considered as a part of the whole work * *. In this respect such nudity is distinguishable from the kind of public nudity traditionally subject to indecent exposure statutes. [citing Douglas's *Roth* dissent]. 422 U.S. at 211 fn. 7, 95 S.Ct. at 2273.

The Courts of Appeals have followed suit. The First Circuit in *Richards v. Thurston,* 424 F.2d 1289 (C.A.1 1970), wrote that "the right to appear au naturel at home is relinquished when one sets foot on a public sidewalk". 424 F.2d at 1285. The Second Circuit, in *Salem Inn, Inc. v. Frank,* 522 F.2d 1045 (C.A.2 1975), upheld First Amend-

ment rights involved with nude dancing but distinguished "the mere public or open display of nudity". 522 F.2d at 1046. A footnote remarked that nude dancing in a bar is "distinguishable from the kind of public nudity subject to prosecution under indecent exposure statutes", citing *Erznoznik* and *Roth*.[2]

In short, all existing authority indicates that nude sunbathing or swimming is not itself first amendment expression. This court agrees. Although nudity is not in itself obscene, *Erznoznik*, 422 U.S. 205, 213, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975), neither is it communicative. Nudity is protected as speech only when combined with some mode of expression which itself is entitled to first amendment protection. Plaintiffs have not alleged any such connection in this case.[3]

### 2. *The Right to Privacy.*

■ Plaintiffs argue that the ordinances invade plaintiffs' constitutional rights of privacy, citing *Williams v. Hathaway, supra,* aff'd *Williams v. Kleppe, supra,* and *Richards v. Thurston, supra.*

As noted above, the court in *Richards v. Thurston* expressly rejected any constitutional right to appear in public "au naturel". 424 F.2d at 1285. The district court in *Williams,* however, recognized a "narrow zone of personal liberty" in which "nude bathing at Brush Hollow is entitled to some constitutional protection." 400 F.Supp. at 127. Unfortunately, this zone is too narrow to protect plaintiffs here, as appears from the court's reasoning in *Williams*:

> The personal right to bathe in the nude on a beach like Brush Hollow is not of

such significance that it can be considered a fundamental right. Its existence at all is derived from the fact that this secluded beach has traditionally been held out as a "nude beach" and there is little chance that passers-by will be subject to plaintiffs' activities.

\* \* \* \* \* \*

> It is undoubted that public nudity can be banned. [citing *Erznoznik*]. On the other hand, an individual has "the right to appear au naturel at home". [citing *Richards v. Thurston*]. The essential difference between the two is not the ownership of the situs of the nudity, but the privacy of the act itself so as not to offend others.

> The present case does not fall precisely within the sphere of either rule. Analysis of the problem cannot end by simply stating that Brush Hollow is a federal beach open to all members of the public because it is, in fact, a remote piece of land rarely frequented by the general public. Thus it must be distinguished from nudity in public streets, most parks, and indeed, most beaches. Its special character as a traditional "nude beach" also distinguishes it from most public areas. Yet the public ownership of the land cannot be ignored. Taking all these factors into account, the Court is of the view that nude bathing at Brush Hollow is entitled to some constitutional protection. *Id.*

At Brush Hollow the closest public parking was a mile away; the beach itself was secluded from view of other beaches; and nude bathing was an established tradition "long before the creation of the [Cape Cod

---

**2.** Not only the cases, but also the commentators, deny that public nudity without more is first amendment expression. In *The System of Freedom of Expression* (Vintage Books 1970), Professor Emerson writes:

> Adultery or fornication, even though done as a protest against the current moral code, would be considered as essentially action. Likewise swimming in the nude or other public nudity, unless done with an intention to communicate, would be treated as action. On the other hand portrayal of such conduct in books, films or as part of a dramatic pre-

sentation in the theater would be considered expression. At 495.

**3.** In effect, this court holds nude sunbathing to be pure conduct. But even if viewed as a species of "symbolic speech", or as conduct with speech elements, nude sunbathing could be restricted as long as the 4 part test in *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), is satisfied. This court believes that ordinances 1 and 34 satisfy the *O'Brien* test.

National] Seashore, in 1959", some 16 years prior to the court's decision. In contrast, Gibson Lane Beach, the focus of nude bathing in Southampton, has public parking for 110 cars within several hundred feet of the beach (affidavit of Theresa Fanning, with map annexed); is contiguous with public beaches east and west of Gibson Lane (map annexed to Fanning affidavit); and has been a "nude" beach for at most three or four years (Teller aff. ¶ 2; uncontradicted by Chapin aff. ¶ 5, asserting only that "Gibson Lane Beach has been commonly known as a nude beach for a number of years * * * "). Thus, the special circumstances of *Williams* do not exist here.

■ Nor should the right of privacy be extended to protect nude sunbathing at Gibson Lane Beach. The right of privacy is essentially the right to be left alone, *Richards v. Thurston*, 424 F.2d at 1284, and does not create a right to impose one's lifestyle on others who have an equal right to be left alone.[4]

### 3. *Free Association.*

■ Plaintiff next argues that: "The First Amendment clearly protects the right of nudists to associate with one another to advocate and promote their views", citing *Bruns v. Pomerleau*, 319 F.Supp. 58 (D.C. Md.1970). Although *Bruns* holds that a person cannot be denied a government job merely because he belongs to a nudist group, it says nothing about the rights of nudists to carry on their meetings in public on the beaches.

Here, plaintiffs are not penalized for associating with other nudists; rather they are prohibited from associating in a particular place (the public beaches) in a particular manner (nude). Such restrictions on place and manner of association are constitutional for reasons noted by the First Circuit in *Williams v. Kleppe* :

A distinction must be made between groups concerned with discussing and promoting a pleasurable activity, and

those gatherings of people merely desiring to pursue that activity where it can take place. If the latter groups were considered associations * * * the result would be constitutional double counting: to the particular interest at stake would be added the rights of * * * association involved in pursuing the interest. 539 F.2d at 803 fn. 9.

In other words, the desire of a group to sunbathe nude does not without more raise a constitutional right in that group to associate nude on a public beach.

### 4. *Infringement of Private Property Rights.*

■ Plaintiffs also argue that ordinances 1 and 34 are unconstitutional because they regulate conduct on private property. Ordinance 1 purports to prohibit nudity in any "beach area", defined to run from the "crest of the dunes" to the "low water mark of the Atlantic Ocean". (Ordinance 1, subd. 1). Since the privately owned waterfront extends beyond the crest of the dunes down to the mean high water mark, plaintiffs assert that the ordinances infringe private property rights, at least between the top of the dunes and the mean high water mark, and are therefore unconstitutional, citing two state cases: *Town of Southampton v. Betts*, 163 N.Y. 454 (1900); and *People v. Caponier*, 160 Misc. 9, 6 N.Y.S.2d 577 (N.Y. Mag.Ct.1938).

This argument misses the mark in several ways. First, though plaintiffs assert that both ordinances 1 and 34 unconstitutionally infringe private property rights, only ordinance 1 regulates "beach areas"; plaintiffs do not point to any such usurpation by ordinance 34. Second, since they use the "beach areas" only as members of the public plaintiffs do not have standing to assert possible rights of the property owners. Third, the authority of the town to regulate conduct even on private property when necessary to promote the public welfare is beyond question. Finally, the two cases cited

---

**4.** A respected commentator voices a similar view. Professor Laurence Tribe writes that although there is a personal right to one's own lifestyle, "the community may require at least that the choice be made in some less obtrusive way—at home, perhaps, or in a nudist camp, but not on the main street at high noon." *American Constitutional Law*, 984 (Foundation Press 1978).

are inapposite since neither involves a constitutional challenge to state regulation of private property.

### 5. *Vagueness.*

Plaintiffs claim that both ordinances 1 and 34 are unconstitutionally vague: ordinance 1 fails to define the terms "nude" and "adjacent waters", while ordinance 34 leaves undefined the phrase "suitable bathing dress".

■ Although "nude" and "suitable bathing dress" may be unclear, they are clear enough when applied to plaintiffs' conduct of bathing and sunning unclothed. Only one entrapped by vagueness may raise that constitutional objection. *Parker v. Levy*, 417 U.S. 733, 753–58, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Thus, these plaintiffs cannot complain of the vagueness inherent in the terms "nude" and "suitable bathing dress".

■ Plaintiffs may assert the vagueness of the term, "adjacent waters". However,

If the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague even though marginal cases could be put where doubts might arise * * *. And if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction. *U. S. v. Harriss*, 347 U.S. 612, 618, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954).

Here, the major purpose of prohibiting nudity in "adjacent waters" is to protect the public from visible nude bathing near the public beach. To save ordinance 1, this court construes "adjacent waters" to be those waters in which the nudity of a swimmer could be recognized by one standing on a public beach in the Town of Southampton. So construed, neither ordinance 1 nor ordinance 34 is unconstitutionally vague as applied to plaintiffs.

### 6. *Overbreadth.*

■ Plaintiffs' last argument is that each ordinance is unconstitutionally overbroad, since each prohibits not only nude

sunbathing but other activities which more clearly qualify as expression protected by the first amendment. Although plaintiffs do not engage in such protected activities, the rights of those who do may be asserted by plaintiffs in challenging an overly broad statute. *Salem Inn, Inc. v. Frank*, 501 F.2d at 21, fn. 3 (C.A.2 1974).

■ Ordinance 1 prohibits any nudity on the public beaches. This prohibition sweeps up not only nude sunbathing but also protected expression such as performances by the Ballet Africains (plaintiffs' memorandum, at 19). However, it is not true that no restrictions may be placed on the Ballet Africains or other protected expression. As noted by the Court in *Erznoznik*:

A State or municipality may protect individual privacy by enacting reasonable time, place, and manner regulations applicable to all speech irrespective of content. 422 U.S. at 209, 95 S.Ct. at 2272 (1975).

Prohibiting nudity on the public beaches, not throughout the town, ordinance 1 is a restriction on the "place" of nudity, rather than an across the board ban on nudity of the type struck down in *Erznoznik*. As a place restriction rather than a prohibition, ordinance 1 should be upheld if it is "reasonable".

*Salem* and *Erznoznik* struck down ordinances which excluded nude expression from its usual showcases (bars and theatres) where interested patrons might seek it out. In contrast, not only is a public beach an unlikely and unnecessary showcase for nude expression, but also nudity there significantly intrudes upon others who did not seek it out and may be offended by it. Since prohibiting nudity on the beaches imposes minimal hardship on any true expression associated with nudity, the restriction of ordinance 1 is reasonable and not unconstitutionally overbroad.

■ Ordinance 34, on the other hand, prohibits not only nudity, but anything other than "suitable bathing dress" on the public beaches. Requiring "suitable bathing dress" restricts the liberty to wear expressive clothing that has been recognized by

the Supreme Court in a series of cases: *Tinker v. Des Moines School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) [black armbands]; *Schact v. U. S.*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970) [uniform]; *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971) [sign on back of jacket]. Furthermore, the restriction imposed by ordinance 34 is unreasonable. Although nude expression normally takes place in theatres and bars, expression through one's choice of apparel is as likely to occur on the beach as anywhere else. By prohibiting expressive apparel on the beaches, section 1 of ordinance 34 imposes more than a minimal burden on first amendment rights, and is therefore unconstitutionally overbroad.

### CONCLUSION

Ordinance 1 is a valid exercise of Southampton's police power to regulate public nudity within the town. Section 1 of ordinance 34, on the other hand, is unconstitutionally overbroad and its further enforcement will be enjoined.

Settle judgment on notice.