**SOUTH FLORIDA FREE BEACHES, etc., et al., Plaintiffs,**

v.

**CITY OF MIAMI, FLORIDA, etc., et al., Defendants.**

Civ. A. No. 82–1071–Civ–CA.

United States District Court, S. D. Florida.

Aug. 17, 1982.

As Amended Sept. 3, 1982.

**9.** 42 U.S.C. §§ 4053 and 4072, *supra*.

Robert Korschun, Miami, Fla., for plaintiffs.

Richard A. Graddock, City Atty., Bruce Barkett, Asst. Atty. Gen., Ralph C. Rocheteau, III, Asst. Dade County Atty., for defendants.

## MEMORANDUM OPINION

ATKINS, Chief Judge.

THIS CAUSE came before the Court on July 9, 1982 for trial on the merits, the Court having consolidated the hearing of plaintiffs' motion for a preliminary injunction with trial, pursuant to Fed.R.Civ.P. 65(a)(2). There being no material disputed issues of fact, the Court proceeded to hear oral argument. In order to explain the Court's decision, however, it is first necessary briefly to set forth the background of this case.

### A. FACTS

Individual plaintiff Gary Bryant, along with other members of plaintiff South Florida Free Beaches, Inc., enjoys nude bathing and sunbathing and regularly engages in such activity on a portion of the public beach area of Virginia Key, in the City of Miami. Plaintiffs allege that the City of Miami, after having tolerated nude bathing on Virginia Key for many years, has recently expressed its intent to enforce various existing ordinances against public nudity. The City of Miami readily admits such intent; Dade County Sheriff Bobby Jones and State Attorney Janet Reno, while disclaiming any present intention to take action against plaintiffs, rest on the validity of the existing laws and reserve their right to enforce them. Plaintiffs claim that nude sunbathing is a form of expression, and that they are not only enjoying Miami's beaches to the fullest but are at the same time advocating a freer and more wholesome lifestyle. They also claim that the long history of nude bathing at Virginia Key gives rise to some constitutional right to continue to enjoy that beach without the encumbrance of clothing. Plaintiffs allege that, as a consequence of defendants' threats, they have ceased their nude activi-

ties (at least at Virginia Key) in order to avoid arrest, and thus are presently being irreparably injured. Finally, they claim that the statutes which the defendants seek to enforce are unconstitutionally vague and overbroad. The particular statutes which plaintiffs challenge are:

1. City of Miami Ordinance 37–32 (Indecent Exposure), which, in part, makes it unlawful

> ... for a person in any place, whether publicly or privately owned, in the city, to be found in a state of nudity or in a dress not customarily worn by his or her sex, or exposing his or her sexual organ, or committing any indecent or lewd act so as to be seen by another person from or in any place frequented by the public; provided that this section shall not apply to prohibit the exposure of such organs or the person in any place provided or set apart legally for that purpose.

2. City of Miami Ordinance 37–65 (Sunbathing in public), which makes it unlawful in the city for any person to

> sunbathe in any of the public streets, sidewalks, parks and other public places, other than in normal street attire with clothing properly arranged; provided that nothing herein contained shall be construed so as to prohibit sunbathing adjacent to any public swimming pool or beach.

3. City of Miami Ordinance 37–4 (Bathing in Nude Condition):

> No person shall bathe, wash or swim in any river, bay, lake, pond or pool within the city, being naked or insufficiently clothed to prevent improper exposure of his person.

4. City of Miami Ordinance 37–1, which incorporates by reference Fla.Stat. 800.03 (Exposure of Sexual Organs):

> It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, how-

ever, this section shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose. Any person convicted of a violation hereof shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.

5. Florida Statute 877.03 (Breach of the Peace):

Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.

## B. DISCUSSION

### 1. JURISDICTION

■■ Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 42 U.S.C. § 1983. Venue of this cause lies in this Court and district pursuant to 28 U.S.C. § 1391(b). Plaintiffs have alleged particularized and immediate injury sufficient to give them standing to challenge the ordinances and statute in question. *United States v. SCRAP,* 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973); *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). *See also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). It is also well established that an association such as South Florida Free Beaches, Inc., may bring an action on behalf of its members even absent any allegation of injury to the association itself. *See Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

### 2. FIRST AMENDMENT IN THE RAW

Federal courts have consistently held that nude sunbathing is conduct rather than "expression" and merits little, if any, constitutional protection. *Williams v. Kleppe,* 539 F.2d 803 (1st Cir. 1976); *United States v. Hymans,* 463 F.2d 615 (10th Cir. 1972); *Chapin v. Town of Southampton,* 457 F.Supp. 1170 (E.D.N.Y.1978). *See also, Hoffman v. Carson,* 250 So.2d 891 (Fla.1971) (declining to find nudity *per se* or nudity in a purely commercial context to be a form of protected expression). *Williams v. Kleppe, supra,* upheld the Secretary of Interior's decision to ban nude sunbathing at the Cape Cod National Seashore. There, as here, the beach in question was remote and had been used for nude sunbathing for years. The Secretary found, however, that recent increases in the number of nude sunbathers had led to environmental and property damage in and around the park. The district court found that nudity, like wearing long hair, was individual conduct rather than expression and was thus not a fundamental right. Therefore, the court concluded that what little constitutional protection such behavior might merit was outweighed by the Secretary's reasons for banning it. In affirming, the First Circuit held that no free speech rights were involved. Similarly, in *Hymans, supra,* the Tenth Circuit upheld convictions under a regulation prohibiting "indecent conduct" in a federal park. The court held that a regulation banning "indecent conduct" was not unconstitutionally vague, and that nude sunbathing in a national park is "indecent conduct."

The best discussion of the issue is in *Chapin, supra.* Relying largely on *Williams v. Kleppe,* the *Chapin* court held that nude sunbathing *per se* is not protected "expression." The Court there also cited extensive dicta implying the same result. *See, e.g., Roth v. United States,* 354 U.S. 476, 512, 77 S.Ct. 1304, 1323, 1 L.Ed.2d 1498 (Douglas, J., dissenting) (1957) ("No one would suggest that the First Amendment permits nudity in public places...."); *Erzoznik v. City of Jacksonville,* 422 U.S. 205, 211 n. 7, 95 S.Ct. 2268, 2273 n. 7, 45 L.Ed.2d 125 (1975) (public nudity, unassociated with any form of artistic expression, is subject to indecent

exposure statutes). *Richards v. Thurston,* 424 F.2d 1281, 1285 (1st Cir. 1970) ("the right to appear au naturel at home is relinquished when one sets foot on a public sidewalk"). All these cases indicate that mere nudity, while not obscene, is also not expressive in the sense that nudity might be in a play or work of art.

The *Chapin* court similarly rejected a privacy argument, noting that one loses one's claim to privacy by acting in a place both public and in plain view of the public. While the *Williams v. Kleppe* court felt that the combination of seclusion and a long history as a nude beach (as at Virginia Key) created some right to constitutional protection, it too found that the public interest may outweigh privacy on public lands.

■ Finally, the courts in both *Williams v. Kleppe* and *Chapin* rejected the argument that a gathering to engage in a pleasurable activity, such as nude sunbathing, was constitutionally protected association, such as might exist if plaintiffs gathered to discuss and promote rather than merely to engage in nude sunbathing. The plaintiffs are not, after all, prevented from advocating the concept of nude sunbathing. I conclude, therefore, that nude sunbathing *per se* is not a constitutionally protected activity.

### 3. VAGUENESS IN THE EYE OF THE BEHOLDER

■ Plaintiffs challenge the above-cited statutes as being so vague that a reasonable person could not conform his or her behavior to them. Vagueness is an "as applied" test: to challenge a statute for vagueness, plaintiff must show that the statute is vague as applied to him. *Parker v. Levy,* 417 U.S. 733, 753–58, 94 S.Ct. 2547, 2560, 41 L.Ed.2d 439 (1974). This is different from overbreadth analysis (discussed at section 4, infra), wherein a plaintiff may challenge a statute that arguably infringes on constitutionally protected activity, whether or not the statute's application to the plaintiff would so infringe. None of the statutes challenged is vague as applied to nude sunbathing. Miami City Ordinance

37–32 specifically prohibits "nudity" in any place in the city, whether publicly or privately owned, wherein the nudity could be seen by another person from a place frequented by the public. That section also prohibits "indecent" or "lewd" acts in such places. "Lewd" and "indecent" have repeatedly been found not to be vague, especially as applied to public nudity. *See, e.g., United States v. Hymans, supra,* 463 F.2d 615 ("indecent conduct" not vague as applied to public nudity); *United States v. New Orleans Book Mart, Inc.,* 490 F.2d 73 (5th Cir. 1974) (statute prohibiting "obscene, lewd, lascivious or filthy" publications not vague); *Bell v. State,* 289 So.2d 388 (Fla.1973) (Fla.Stat. 796.07, "lewdness" not vague); *Chesebrough v. State,* 255 So.2d 675 (Fla.1971) (Fla.Stat. 800.04, "lewd" and "lascivious" not vague).

■ Miami City Ordinance 37–65 specifically exempts persons sunbathing adjacent to a public beach and is thus not applicable to plaintiffs. City Ordinance 37–4 prohibits bathing "naked or insufficiently clothed to prevent improper exposure of (one's) person." "Naked" is perfectly clear to anyone of reasonable intelligence and to most other people as well. "Insufficiently clothed to prevent improper exposure" is not clear in the abstract. It is not vague, however, as applied to public nudity, because total nudity would clearly fail to meet any standard of sufficiency of clothing. *See, Chapin v. Town of Southampton, supra,* 457 F.Supp. at 1176 ("suitable bathing dress" is not vague as applied to nudity); *United States v. Hymans, supra,* 463 F.2d 615 ("indecent conduct" is not vague as applied to nudity).

The Florida Statutes challenged are somewhat more problematic. Section 800.03, Florida Statutes, prohibits exposure of a person's sexual organs or nudity in a public place. The statute excepts places "provided or set apart for that purpose." The Florida Supreme Court has repeatedly upheld Section 800.03 against constitutional challenge. *Hoffman v. Carson,* 250 So.2d 891 (Fla. 1971); *State v. Petillo,* 250 So.2d 264 (Fla. 1971). In *Hoffman, supra,* a go-go dancer who had been arrested on three successive

nights for violating Section 800.03 by going totally nude and exposing her sex organs in the course of her performances sued to enjoin further interference with her performances. Plaintiff Hoffman claimed that the standard "vulgar or indecent manner" was unconstitutionally vague. In upholding the statute, the Florida Supreme Court held that those terms:

> "must be construed as necessarily relating to a lascivious exhibition of these private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily applies also to the language, 'or so to expose or exhibit his person in such place, or to go or be naked in such place.'"

*Hoffman v. Carson,* 250 So.2d at 893.

■ Plaintiffs argue that Section 800.03, as limited by the Florida Supreme Court, is inapplicable to their activities. If this were so, plaintiffs would not have standing to challenge that statute absent an actual attempt by the police to enforce it against them. It appears to the Court, however, that Section 800.03 should clearly apply to public nudity, especially when the nudity is unrelated to any form of artistic expression. I cannot find, therefore, that this statute is vague as applied to plaintiffs' activities.

Section 877.03, Florida Statutes, is Florida's "Disorderly Conduct" statute. It prohibits conduct which "corrupts the public morals" or "outrage(s) the sense of public decency." This statute has already been the subject of some disagreement between the courts of Florida and the federal courts. Federal courts have twice declared Section 877.03 (or its identical predecessor) unconstitutional in cases where it had been applied to speech. *Wiegand v. Seaver,* 504 F.2d 303 (5th Cir. 1974); *Severson v. Duff,* 322 F.Supp. 4 (M.D.Fla.1970). The district court in *Severson* held that a prohibition on conduct which "outrage(s) the sense of public decency" was so vague that a person of reasonable intelligence could not guide his or her conduct by the standard of the statute. The courts in both cases held that the statute also swept overbroadly in that much

protected speech could well outrage someone's sense of public decency. Insofar as these cases arose on petitions of habeas corpus, the courts limited themselves to declaratory judgments plus such limited injunctive relief as was necessary to aid the individual petitioners. Neither court prospectively enjoined the enforcement of the statute.

The Florida courts did not consider themselves constrained to abide by these rulings. *See State v. Dwyer,* 332 So.2d 333 (Fla. 1976). Nonetheless, the Florida Supreme Court proceeded to construe the statute narrowly so as to cure the constitutional concerns voiced by the courts in *Wiegand* and *Severson.* That court limited the application to speech of Section 877.03 to "fighting words" or to words which were the equivalent of shouts of "fire" in a crowded theatre. *State v. Saunders,* 339 So.2d 641, 644 (Fla.1976). The court in *Saunders,* finding that the defendant in that case clearly had not violated section 877.03, declined to rule on the general question of the vagueness of that statute. *See also, White v. State,* 330 So.2d 3 (Fla.1976) (Section 877.03 applies only to "conduct," not to mere foul language). During the same session, however, the Florida Supreme Court upheld a conviction under Section 877.03 for topless sunbathing on a public beach. *Moffett v. State,* 340 So.2d 1155 (Fla.1976). The court in *Moffett* summarily rejected the defendant's constitutional challenges to the statute, finding that topless sunbathing was squarely within the scope of conduct prohibited by the statute and relying on its previous ruling in *State v. Magee,* 259 So.2d 139 (Fla.1972) that the statute was not vague. In *Magee, supra,* the Florida court had stated that "public decency" and "corrupt the public morals" were terms of general understanding. Justice England, in a poignant dissent in *Moffett,* pointed out that the meaning of these terms, while generally understood, had changed over time and that by the 1970's nude sunbathing might no longer be considered offensive to public decency. *Moffett v. State, supra,* 340 So.2d at 1156 (England, J., dissenting).

Public nudity has traditionally been prohibited in the United States. See *Erzoznik v. City of Jacksonville, supra,* 422 U.S. at 211, n. 7, 95 S.Ct. at 2273, n. 7; *Moffett v. State, supra,* 340 So.2d 1155. While the language of Section 877.03 is not as clear as is constitutionally desirable and although nudity *per se* is not obscene [1] and may no longer be as offensive to the public as it once was, I cannot say that Section 877.03 does not give fair notice to those who wish to go forth naked in public that such conduct is proscribed. Unlike the Florida Supreme Court, I do not think that, in our pluralistic society, "public decency" or "public morals" are terms of necessarily general understanding. Nonetheless, I do find that a person of reasonable intelligence would understand Section 877.03 to prohibit nudity on public beaches.

## 4. OVERBREADTH EXPOSED

Plaintiffs also claim that the challenged statutes and ordinances each reach protected expression and thus are unconstitutionally overbroad despite their validity as applied to nude sunbathing. Plaintiffs have standing to assert such a claim because "even though a statute may be constitutionally applied to the activities of a particular [individual], that [individual] may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression or other persons not before the Court." *Doran v. Salem Inn, Inc., supra,* 422 U.S. 922, at 923, 95 S.Ct. 2561, 2563, 45 L.Ed.2d 648.

Florida's "indecent exposure statute," Section 800.03, Florida Statutes, presents no overbreadth problem. The statute specifically proscribes the exposure of "sexual organs in a public place." This statute does not include any significant protected conduct within its ambit. *See State v. Petillo,* 250 So.2d 264 (Fla.1971).

Though perhaps not as specifically drafted as Section 800.03, Miami City Ordinance 37–4 also presents no overbreadth problem. The operative language in Ordinance 37–4, "insufficiently clothed to prevent improper exposure of his person" does not include any significant amount of protected conduct. Unlike the statute found overbroad in *Chapin v. Town of Southampton, supra,* 457 F.Supp. at 1176, which used the term "suitable bathing dress", Ordinance 37–4 adds the modifying term "improper exposure." This limiting language, akin to "indecent behavior" [2] and "indecent exposure," [3] removes any potential problem with either vagueness or overbreadth. Although "improper" is broader than "indecent," when coupled with "exposure" it carries much the same connotation, and as such is probably generally understood. Improper exposure essentially requires lewd display of a person's sexual organs or of other parts of the body generally kept covered in public. *See Hoffman v. Carson, supra,* 250 So.2d at 893 (construing "lewd" and "indecent"). The display of such parts of a person's body in public while bathing is not constitutionally protected. I find therefore, that ordinance 37–4 is not overbroad.

Some portions of Miami · City Ordinance 37–32 may well be overbroad, but not in any manner that affects the plaintiffs. One clause of the Ordinance makes it unlawful for a person to appear in public in clothing "not customarily worn by his or her sex." [4] This clause, in purporting to dictate proper clothing for members of either sex, may well infringe on constitutionally protected liberty. Since the days of the Founding Fathers the right to dress (though not necessarily to undress) as one pleases has been regarded as a basic, if

---

1. See *Erzoznik v. City of Jacksonville, supra,* 422 U.S. at 213, 95 S.Ct. at 2274.

2. Upheld in *United States v. Hymans, supra,* 463 F.2d 615.

3. The Supreme Court has acknowledged the propriety of "indecent exposure" statutes. *Er-*

*zoznik v. City of Jacksonville, supra,* 422 U.S. at 211 n. 7, 95 S.Ct. at 2273 n. 7.

4. It is also apparent that this statute is vague. Since, however, it is not vague as applied to public nudity, plaintiffs do not have standing to challenge it on that ground.

seemingly trivial, form of personal liberty, one not even requiring explicit mention in the Constitution to be recognized. *See Richards v. Thurston, supra,* 424 F.2d at 1285. As the First Circuit concluded in *Richards,* the right to dress as one pleases is among the panoply of liberties protected by the Fifth and Fourteenth Amendments to the United States Constitution.

Yet, assuming the Court were to find this portion of the Ordinance unconstitutional, plaintiffs would still not be entitled to the relief they seek. The offensive portion of the Ordinance does not even purport to apply to plaintiffs' intended conduct; that conduct is proscribed by the clauses of the Ordinance which prohibit "nudity" and the "exposing of sexual organs". The applicable portions of the Ordinance are sufficiently specific to avoid any overbreadth problem. Moreover, the arguably invalid portion can easily be severed from the remainder of the ordinance. When possible, of course, a Court must attempt to sustain the validity of an act by severing invalid portions from the remainder. *Scheinberg v. Smith,* 659 F.2d 476, 481 (5th Cir. 1981). It is apparent from the disjunctive wording of the Ordinance that each clause was meant to be severable. The City intended to proscribe a variety of conduct and simply because an isolated portion of the ordinance arguably extends too far does not mean that the entire ordinance must be declared invalid. Accordingly, I find the arguably unconstitutional portion of Ordinance 37–32 severable and decline plaintiffs' request to declare the entire ordinance invalid on overbreadth grounds.

Florida's disorderly conduct statute is the only challenged act that presents serious overbreadth problems. As mentioned above, Section 877.03 has been construed to apply only to conduct, not to pure speech. *White v. State,* 330 So.2d 3 (Fla.1976), and has accordingly been upheld against most constitutional challenges. *Moffett v. State,*

340 So.2d 1155 (Fla.1977); *State v. Magee,* 259 So.2d 139 (Fla.1972).

This Court is not bound by the Florida courts' determination of the validity of Florida's disorderly conduct statute. The language of Section 877.03, as discussed in Section 2 of this Order, *supra,* is unclear and broad. Conduct which tends to "corrupt the public morals" or "outrage the sense of public decency" is susceptible of as many interpretations as there are residents of Florida. The constitutional infirmity of such a statute is that a resident of the community, not made sufficiently aware of what he or she may or may not do, is subject to criminal prosecution if his or her behavior offends a neighbor's peculiar sense of propriety.

Similar disorderly conduct ordinances have been struck down by federal courts in this state because of their vagueness and overbreadth. *Pritikin v. Thurman,* 311 F.Supp. 1400 (S.D.Fla.1970); *Livingston v. Garmire,* 308 F.Supp. 472 (S.D.Fla.1970), *aff'd.,* 437 F.2d 1050 (5th Cir.), *vacated on other grounds,* 442 F.2d 1322 (5th Cir. 1971).[5] Likewise, in *Ashton v. Kentucky,* 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966), the Supreme Court reversed a conviction for violation of a Kentucky criminal libel because the statute, as defined to the jury, was unconstitutionally vague. The instruction which the Court found vague defined criminal libel as "any writing calculated to create a disturbance of the peace, *corrupt the public morals,* or lead to any act, which when done, is indictable." 384 U.S. at 198, 86 S.Ct. at 1409 (emphasis supplied). While the Florida courts have narrowed Section 877.03 as applied to speech, that statute still sweeps broadly enough to cover other types of protected conduct. The statute could, for example, at the unbridled discretion of state or local officials, be applied to members of an unpopular religious cult performing their reli-

---

**5.** Defendants filed a motion for rehearing before the court of appeals. While this motion was pending, the Supreme Court decided *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971). Since charges were pend-

ing against the plaintiffs in *Livingston* for violation of the City of Miami's Disorderly Conduct ordinance, the Fifth Circuit on rehearing vacated its earlier opinion in light of *Younger.*

gious rituals in public or to persons of the same sex walking down the street holding hands.[6] Either of these actions might be characterized by some as "corrupting the public morals," yet both are within the constitutionally protected liberties of the people. I am compelled, therefore, to find that the portion of Section 877.03, Florida Statutes, that prohibits conduct "of a nature to corrupt the public morals or outrage the sense of public decency," is unconstitutionally overbroad. I find this portion severable from the remainder of the statute, however, and decline to declare the entire statute invalid.

### 5. REMEDY

Having determined that a portion of Section 877.03 is unconstitutionally overbroad, it is necessary to determine whether an injunction is required to prevent its enforcement, or whether it will suffice simply to declare it unconstitutional. In view of the number of other valid statutes and ordinances available to defendants which proscribe essentially the same conduct, I do not believe an injunction is essential. I assume defendants will not attempt to enforce the unconstitutional portions of Section 877.03. Of course, if enforcement is attempted, the Court will reconsider the need for an injunction.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The portion of Florida statute Section 877.03 that purports to make it unlawful to "commit such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency" is hereby declared unconstitutional.

2. Insofar as the relevant portions of City of Miami Ordinances 37–4 and 37–32, and Section 800.03 Florida Statutes are constitutional and insofar as the Court does not need to reach the question of whether City of Miami Ordinance 37–65 is overbroad, the

defendants may continue to enforce these statutes.

(3) City of Miami Ordinance 37–1 is constitutional except for that portion of Florida statute Section 877.03, which statute it incorporates by reference, which purports to make it unlawful to "commit such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency"; this part of City of Miami Ordinance 37–1 is hereby declared unconstitutional.

---

6. The Florida Supreme Court has somewhat limited the application of Section 877.03 to conduct. In *State v. Saunders,* 339 So.2d 641, 644 (Fla.1976), the Florida Court held the statute clearly inapplicable to a newspaper vendor hawking newspapers regardless of how aggressively he did so. This was, however, because his "conduct" was actually speech. The court there did not reach the broader implications of the statute's effect on conduct.