SOUTH FLORIDA FREE BEACHES, INC., a Florida Non-Profit Corp., and Gary Bryant, Plaintiffs-Appellants, Cross-Appellees,

v.

CITY OF MIAMI, FLORIDA, a Municipal Corporation, etc., Defendant-Appellee,

Janet Reno, State Attorney, Defendant-Appellee, Cross-Appellants.

No. 82–5963.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Rehearing Denied July 24, 1984.

Bruce Barkett, Asst. Atty. Gen., Dept. of Legal Affairs, Pamela Lutton-Shield, Tallahassee, Fla., for Reno.

James A. Jurkowski, Asst. County Atty., Miami, Fla., for Metropolitan Dade County.

Robert S. Korschun, Miami, Fla., for South Fla. Free Beaches and Bryant.

Mikele S. Carter, Asst. City Atty., Jose R. Garcia-Pedrosa, Gisela Cardonne, Miami, Fla., for City of Miami.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

South Florida Free Beaches, Inc. (South Florida) and Gary Bryant sought a declaratory judgment and injunctive relief in the United States District Court for the Southern District of Florida, alleging that various state statutes and city of Miami ordinances unconstitutionally infringed on their right to sunbathe in the nude. After a non-jury trial, the district court, in *South Florida Free Beaches, Inc. v. City of Miami*, 548 F.Supp. 53 (S.D.Fla.1982), held that nude sunbathing was not a form of expression protected by the first amendment. However, the district court did conclude that portions of both Fla.Stat. § 877.-03[1] and Miami Ordinance 37–1[2] were unconstitutionally overbroad. South Florida, Bryant and the state of Florida appeal. We affirm.

The bare facts in the record show that Bryant and other members of South Florida for several years regularly swam and sunbathed in the nude on a public beach within the corporate limits of the city of Miami. Although a number of statutes and local ordinances restricted such conduct, they were not consistently enforced.[3] Recently, however, Miami officials expressed an intent to prosecute any person who violates these statutes and ordinances. Dade County and the state of Florida, while disclaiming any current intent to arrest the plaintiffs, contend the laws are valid and enforceable.[4] The plaintiffs assert that the city's threat of prosecution chills the exercise of their first amendment right of expression. Nude sunbathing, the plaintiffs claim, is the practice by which they advocate and communicate their philosophy that the human body is wholesome and that nudity is not indecent.

As noted above, the district court, in a revealing evaluation, held that "nude sunbathing *per se* is not a constitutionally protected activity." 548 F.Supp. at 57. Exam-

1. Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 755.082 or § 755.083.
Fla.Stat. § 877.03.

2. It shall be unlawful to commit within the city, any act which is recognized by the laws of the state as a misdemeanor, as set out in the Florida Statutes, excepting therefrom those misdemeanors set out in Chapter 855 of the Florida Statutes.
Miami Ordinance 37–1.

3. The other laws under attack by South Florida and Bryant provide,
[It is unlawful] for a person in any place, whether publicly or privately owned, in the city, to be found in a state of nudity or in a dress not customarily worn by his or her sex, or exposing his or her sexual organ, or committing any indecent or lewd act so as to be seen by another person from or in any place frequented by the public; provided that this section shall not apply to prohibit the exposure of such organs or the person in any place provided or set apart legally for that purpose.
Miami Ordinance 37–32.
[It is unlawful for anyone within the city to] sunbathe in any of the public streets, sidewalks, parks and other public places, other than in normal street attire with clothing properly arranged; provided that nothing herein shall be construed so as to prohibit sunbathing adjacent to any public swimming pool or beach.
Miami Ordinance 37–65.
No person shall bathe, wash or swim in any river, bay, lake, pond or pool within the city, being naked or insufficiently clothed to prevent improper exposure of his person.
Miami Ordinance 37–4.
It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, however, this section shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose. Any person convicted of a violation hereof shall be guilty of a misdemeanor of the first degree, punishable as provided in § 755.082 of § 755.083.
Fla.Stat. § 800.03.

4. Florida argues that because the plaintiffs were not directly threatened with prosecution under Fla.Stat. 877.03 they have no standing to challenge it. Because of our resolution of this case, we need not address this contention.

ining the challenged laws for vagueness, the district court noted that although some of the language may be unclear in the abstract, they clearly proscribed nudity. Employing an overbreadth analysis, the district court upheld all the challenged statutes and ordinances, except that part of Fla.Stat. § 877.03 proscribing actions "as of a nature to corrupt the public morals, or outrage the sense of public decency ...." Miami Ordinance 37–1, to the extent it incorporated that portion of § 877.03, was also held unconstitutional.

■■■ South Florida and Bryant initially assign as error the district court's failure to accord constitutional protection to their activities. Because they allegedly are advocating an idea, they maintain that the government cannot absolutely prohibit the form chosen to express it. Although that may be true in other contexts, we agree that "[n]udity is protected as speech only when combined with some mode of expression which itself is entitled to first amendment protection." *Chapin v. Town of Southampton*, 457 F.Supp. 1170, 1174 (E.D.N.Y.1978).

All of the reported cases adhere to this view that the constitution does not protect unassociated nudity from exposure to governmental limitations. In *Williams v. Kleppe*, 539 F.2d 803 (1st Cir.1976), the court sanctioned a ban on nude sunbathing in a national park. In response to the plaintiffs' first amendment arguments, the court agreed with the district court's conclusion that "no rights of free speech can be said to have been involved here." *Id.* at 806 n. 9. The court in *Chapin, supra*, also upheld a prohibition on nude sunbathing and quoted dicta from other cases supporting the result. Justice Douglas, in *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), wrote that "[n]o one would suggest that the First Amendment permits nudity in public places ...." *Id.* at 512, 77 S.Ct. at 1323, 1 L.Ed. at 1522 (Douglas, J., dissenting). The Supreme Court cited that statement in *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 211 n. 7,

95 S.Ct. 2268, 2273 n. 7, 45 L.Ed.2d 125, 132 n. 7 (1975).

> Scenes of nudity in a movie, like pictures of nude persons in a book, must be considered as a part of the whole work .... In this respect such nudity is distinguishable from the kind of public nudity traditionally subject to indecent exposure statutes.

*See also Salem Inn, Inc. v. Frank*, 522 F.2d 1045, 1046 n. 4 (2d Cir.1975); *United States v. Hymans*, 463 F.2d 615 (10th Cir. 1972).

The plaintiffs point to a number of cases for the proposition that nudity, as a means of expression, is constitutionally permissible. *See, e.g., Shad v. Burrough of Mt. Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). All of these cases, however, involved nudity in combination with a protected form of expression. Nudity alone "does not place otherwise protected material outside the mantle of the First Amendment." *Shad*, 452 U.S. at 66, 101 S.Ct. at 2181, 68 L.Ed.2d at 678. As stated by the court in *Chapin, supra,*

> None of these cases supports a First Amendment right to sunbathe nude. In each, the question was whether activities otherwise protected by the First Amendment ... lose their protection when associated with nudity. Nude sunbathing, however, is not associated with dance, literature, or any other standard mode of expression.

457 F.Supp. at 1173. Stripped of constitutional protection, nude sunbathing is subject to legitimate governmental proscriptions. Thus, we hold that the first amendment does not clothe these plaintiffs with a constitutional right to sunbathe in the nude. Neither do they possess a constitutional right of associating in the nude. They remain able to advocate the benefits of nude sunbathing, albeit while fully dressed.

A distinction must be made between groups concerned with discussing and promoting a pleasurable activity, and

those gatherings of people merely desiring to pursue that activity where it can take place.

*Williams v. Kleppe,* 539 F.2d at 806 n. 9.

■ To support their argument of unconstitutional vagueness, the plaintiffs must demonstrate that the statutes are vague as applied to them. *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458 (1974). Ordinance 37–32 expressly proscribes nudity and the words "indecent" and "lewd" have been upheld in cases involving public exposure of the naked body. *United States v. Hymans,* 463 F.2d 615 (10th Cir.1972) ("indecent conduct"); *United States v. New Orleans Book Mart,* 490 F.2d 73 (5th Cir.), *cert. denied,* 419 U.S. 1007, 95 S.Ct. 327, 42 L.Ed.2d 282 (1974) ("obscene, lewd, lascivious or filthy").[5] Ordinance 37–4 bans the practice of being "insufficiently clothed to prevent improper exposure." While the language may not be absolutely clear, it certainly applies to public nudity. Ordinance 37–65 is inapplicable because it expressly exempts sunbathing next to a public beach or pool.

Neither are the state statutes vague as applied to these plaintiffs. Fla.Stat. § 800.03 makes it unlawful for a person "to expose or exhibit his sexual organs" or to appear naked in public. There is nothing vague about this language in the context of nude sunbathing on a public beach. Fla.Stat. § 877.03 is more problematical.[6] What constitutes conduct which "corrupts the public morals" or "outrage[s] the sense of public decency" may not always be obvious. But, as the district court stated, "a person of reasonable intelligence would understand Section 877.03 to prohibit nudity on public beaches." 548 F.Supp. at 59.

In attacking the constitutional validity of the laws as being overbroad, South Florida and Bryant claim that they restrict activities beyond nude sunbathing. The plaintiffs have standing to raise this issue. *Doran v. Salem, Inc.,* 422 U.S. 922, 933, 95 S.Ct. 2561, 2568–69, 45 L.Ed.2d 648, 660 (1975). The Supreme Court of Florida limited the reach of Fla.Stat. § 800.03 in *Hoffman v. Carson,* 250 So.2d 891, 894 (Fla. 1971). The statute does not prohibit all nudity. "As a performance or an event moves more toward speech and further away from conduct, a more creditable issue would arise . . . ." *Id.* Thus, § 800.03 does not impinge upon constitutionally protected expression.

Ordinance 37–65 relates solely to sunbathing, which we have noted, is not speech. *Williams, supra; Chapin, supra.* Under Ordinance 37–4, a person cannot bathe in public if "naked or insufficiently clothed to prevent improper exposure of his person." Like the district court, we construe the words "improper exposure" as being similar to "indecent behavior", which was upheld in *Hymans, supra,* and to "indecent exposure."[7] Moreover, the United States Supreme Court noted that some nudity is "traditionally subject to *indecent exposure* statutes." *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 211 n. 7, 95 S.Ct. 2268, 2273 n. 7, 45 L.Ed.2d 125, 132 n. 7 (1975) (emphasis added).

The district court observed that Ordinance 37–32 might be overbroad in that it

---

5. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

6. This language has been held to be unconstitutionally vague in cases involving speech. *Wiegand v. Seaver,* 504 F.2d 303 (5th Cir.1974), *cert. denied,* 421 U.S. 924, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975); *Severson v. Duff,* 322 F.Supp. 4 (M.D. Fla.1970). The Supreme Court of Florida then narrowed the thrust of the statute, limiting it to speech. *White v. State,* 330 So.2d 3, 7 (Fla. 1976). In any event, this does not help the plaintiffs because any vagueness there relates to the statute's application to speech and does not affect its constitutionality as to nude sunbathing.

7. The district court distinguished Ordinance 37–4 from the statute found overbroad in *Chapin, supra,* which required "suitable bathing dress." Ordinance 37–4 "adds the modifying term 'improper exposure.' This limiting language . . . removes any potential problem with either vagueness or overbreadth." 548 F.Supp. at 59 (footnotes omitted).

prohibits persons from publicly wearing clothes "not customarily worn by his or her sex." Still, the district court declined to declare the ordinance unconstitutional because "plaintiffs would still not be entitled to the relief they seek." 548 F.Supp. at 60. The affected language did not relate to plaintiffs' activities and could be severed from the remainder of the ordinance.

 We believe a similar approach should have been followed in the court's consideration of § 877.03. The district court concluded that the portion of the statute prohibiting conduct tending to "corrupt the public morals" or "outrage the sense of public decency" was unconstitutionally overbroad. Although favorable to the plaintiffs, that pronouncement does not gain the relief they seek—a declaration that nude sunbathing is constitutionally protected and an injunction against prosecution. There being other constitutionally valid laws to preclude the plaintiffs' conduct, examination of § 877.03 in this context is unnecessary. In fact, the district court declined to enjoin enforcement of the affected portion of § 877.03. "In view of the number of other valid statutes and ordinances available to defendants which proscribe essentially the same conduct, I do not believe an injunction is essential." 548 F.Supp. at 61.[8]

For the same reason enunciated by the district court in refusing to grant an injunction, we decline to address whether § 877.-03 is unconstitutionally overbroad. Any resolution of this issue would not affect the outcome of the case. Therefore, the district court erred in reaching the constitutional validity of § 877.03. Also, to the extent that Ordinance 37–1 incorporates § 877.03, its constitutionality should not have been decided by the district court.

Accordingly, insofar as the district court's judgment declares § 877.03 and Ordinance 37–1 unconstitutional, it is VACATED. In all other respects, the judgment is AFFIRMED.

---

**8.** The Supreme Court, in *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972), reversed a defendant's conviction based on one of two constitutional arguments. The Court refused to reach the remaining constitutional issue, stating:

> Against this background, and because petitioner's conviction has been set aside on other grounds, we will follow our usual custom of

avoiding decision of constitutional issues unnecessary to the decision of the case before us.

*Id.* at 633, 92 S.Ct. at 1227, 31 L.Ed.2d at 544 (citations omitted). *See also Spector Motor Service v. McLaughlin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101, 103 (1944) (a federal court should reach constitutional issues only when necessary).