### UNITED STATES of America

v.

### A NAKED PERSON ISSUED NOTICE OF VIOLATION NO. P419490.

No. 93–195–MJ–B–01.

United States District Court, M.D. Florida, Orlando Division.

Nov. 19, 1993.

Roberto Moreno, Orlando, FL.

L.D. Murrell, West Palm Beach, FL.

### ORDER

BAKER, United States Magistrate Judge.

This case presents issues of interpretation and enforcement of Section 800.03, Florida Statutes, within the Canaveral National Seashore. In pertinent part that statute makes it unlawful "for any person to expose or exhibit his sexual organs in any public place ... in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place."

In this and numerous similar cases, the Government of the United States has charged an individual with violation of the statute, as assimilated into federal jurisdiction under 18 U.S.C. § 13. The Defendant was cited by law enforcement officers and given a notice of violation. The Defendant appeared pursuant to the notice and consented to the jurisdiction of the United States Magistrate Judge to determine the case.

The parties filed a written stipulation to the facts of the case so that the case comes down to an interpretation of the statute and its application to those facts. While that stipulation deals with many matters, it is sufficient for present purposes to note that the parties have agreed that the Defendant was, in a public place, nude but not lewd. No constitutional issue has been raised, and there has been no challenge to the authority of the Government to enforce the statute.

It is appropriate to emphasize the limited scope of the Court's role in deciding this case. This decision adjudicates the responsibility of the Defendant under a particular criminal statute that the government seeks to enforce with respect to specific conduct. There is no occasion for the Court to reflect on the advisability, as a matter of prudence or public policy, of the Government's seeking to handle issues of public nudity at the Canaveral National Seashore in this way. Those matters are committed to the executive branch of government. The Court sits to decide the cases properly brought before it. Similarly, the Court expresses no opinion as to the propriety or social utility of the Defendant's conduct.

In *Hoffman v. Carson*, 250 So.2d 891 (Fla.1971), the Florida Supreme Court was presented with a challenge to the constitutionality of Section 800.03, Fla.Stats. In upholding the statute, the Court placed an unmistakable limiting gloss on the otherwise plain words of the statute:

> Because of the nature of the statute, the terms in question must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily applies also to the language "or so to expose or exhibit his person in such place, or to go or be naked in such place."

While doubt may be expressed as to whether this refinement of the meaning of the statute can fairly be said to flow from the words used by the legislature, it is the definitive elucidation of this state law.

In seeking to enforce a state criminal law under the Assimilative Crimes Act, the federal government must take state law as it finds it. The lower courts of Florida have consistently relied on this interpretation of Section 800.03 to narrow its application. *See, e.g., Goodmakers v. State*, 450 So.2d 888 (Fla.

2 DCA 1984) and *Payne v. State*, 463 So.2d 271 (Fla. 2 DCA 1984).

The decision of the Eleventh Circuit in *South Florida Free Beaches, Inc. v. City of Miami*, 734 F.2d 608 (1984) neither compels nor supports a contrary result. In that case, the Court upheld the denial of a requested injunction against enforcement of various statutes and ordinances related to nudity, including Sec. 800.03. In rejecting challenges to the statute, the Court referred to and relied on the Florida Supreme Court's limitation: "The statute does not prohibit all nudity." *Id.* at 611.

The conduct of the Defendants here, as stipulated, is public nudity—no more, no less. Based on the Florida Supreme Court's interpretation of Sec. 800.03, such conduct does not violate the statute. The Court finds the Defendant **NOT GUILTY.**

**DONE** and **ORDERED.**